■ SYLVIA MAVRA, Respondent, v MLADEN MAVRA, Appellant, et al., Defendant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Robbins, J.), dated December 10, 1985, as (1) awarded counsel fees to the plaintiff wife, (2) awarded her $150 per week in child support, (3) granted him visitation with the infant issue of the marriage only to the extent that it is supervised to the wife's satisfaction, and (4) distributed the marital assets in the proportion of 75% to the plaintiff and 25% to the defendant.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by (1) striking the third decretal paragraph thereof; (2) deleting the words "FOUR HUNDRED THIRTY ($430.00) DOLLARS" from the fifth decretal paragraph thereof and substituting therefor the words "THREE HUNDRED SEVENTY-TWO DOLLARS and FIFTY CENTS ($372.50)"; (3) deleting from the seventh decretal paragraph thereof, respectively, the words "ONE HUNDRED FIFTY ($150.00) DOLLARS" and the words "FOUR HUNDRED THIRTY ($430.00) DOLLARS", and substituting therefor, respectively, the words "EIGHTY-SIX DOLLARS and SIXTY-THREE CENTS ($86.63)", and the words "THREE-HUNDRED SEVENTY-TWO DOLLARS and FIFTY CENTS ($372.50)"; (4) deleting from the seventh decretal paragraph thereof the words "which equals ONE HUNDRED ($100.00) DOLLARS per week, leaving a balance of FIFTY ($50.00) DOLLARS per week," and substituting therefor the words "leaving a balance of zero"; (5) striking the eighth decretal paragraph thereof and substituting therefor a provision granting the wife a credit for the required payments on the balance of her purchase-money mortgage of $372.50 per month until the entire mortgage amount of $24,000 has been

paid; (6) deleting from the ninth decretal paragraph thereof the words "ONE HUNDRED FIFTY ($150.00) DOLLARS", and substituting therefor the words "EIGHTY-SIX DOLLARS and SIXTY-THREE CENTS ($86.63)"; (7) adding to the eleventh decretal paragraph thereof, after the figure "($2,885.84)", the following: "and the plaintiff's Nissan automobile with a net value of FOUR THOUSAND DOLLARS ($4,000)"; (8) deleting from the eleventh decretal paragraph thereof, respectively, the words "ELEVEN THOUSAND EIGHT HUNDRED EIGHTY-FIVE DOLLARS and FIFTY-FOUR CENTS ($11,885.54)", the words "EIGHT THOUSAND NINE HUNDRED FOURTEEN DOLLARS and SIXTEEN CENTS ($8,914.16)", and the words "TWO THOUSAND NINE HUNDRED SEVENTY-ONE DOLLARS and THIRTY-EIGHT CENTS ($2,971.38)", and substituting therefor, respectively, the words "FIFTEEN THOUSAND EIGHT HUNDRED EIGHTY-FIVE DOLLARS and FIFTY-FOUR CENTS ($15,885.54)", the words "ELEVEN THOUSAND NINE HUNDRED FOURTEEN DOLLARS and SIXTEEN CENTS ($11,914.16)", and the words "THREE THOUSAND NINE HUNDRED SEVENTY-ONE DOLLARS and THIRTY-EIGHT CENTS ($3,971.38)", and (9) striking the twelfth decretal paragraph. As so modified, the judgment is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination on the issue of visitation, unless the parties can reach an agreement on visitation prior thereto. In the interim, the provisions for visitation contained in the third decretal paragraph shall continue.

The trial court properly distributed the marital assets in a proportion based upon the ratio of the parties' respective earnings during the latter years of the marriage, when most of the marital assets were acquired (see, Kobylack v Kobylack, 111 AD2d 221, 223). The award of the greater proportion of the marital assets to the wife was particularly appropriate in view of her extraordinary efforts to improve the economic condition of the family when compared to the husband's complacency in that respect. The court erred, however, in failing to include as a marital asset the parties' automobile which was purchased with savings accumulated during the marriage. Accordingly, we have modified the equitable distribution award to reflect the parties' proportionate share of the value of that asset.

In considering the responsibility for child support, the court did not sufficiently consider the relative earnings of the parties. Under the circumstances of this case, the responsibility for child support should be borne by the parties in the

approximate ratio of their respective annual salaries *(see, Jeanne M. v Richard G.,* 96 AD2d 549, 550, *appeal dismissed* 61 NY2d 637, *rearg denied* 61 NY2d 905).* The wife may seek a modification of this award if the husband's income increases or if there is some other change in the parties' financial circumstances *(see,* Family Ct Act § 411).

Although the trial court's determination concerning the visitation rights of the husband was appropriate based upon the circumstances which existed up to the time of the trial, including alleged threats made by the husband to take the parties' children to his native country of Yugoslavia, we conclude that a hearing on this issue is warranted for the purpose of determining whether the passage of time has mitigated the circumstances upon which the court declined to fix a schedule of visitation.

Finally, the court improperly exercised its discretion in requiring the husband to pay counsel fees *(see,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C237:1, at 501). Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.