■ Robert D. Grasso, Appellant, v Donna Grasso, Respondent. [851 NYS2d 213]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the

Supreme Court, Nassau County (Friedenberg, J.H.O.), dated May 10, 2005, as, upon a decision of the same court dated November 15, 2002, made after a nonjury trial, (1) awarded the defendant nondurational maintenance, (2) directed him to pay the defendant retroactive maintenance and child support arrears without a credit to him for mortgage and real estate tax payments he made with respect to the marital residence, pursuant to a pendente lite support order dated March 22, 2000, (3) directed him to pay, in full, the principal and interest on all marital debts bearing the defendant's name, (4) awarded him the sum of only $103,000 from the net proceeds of the sale of the marital residence as reimbursement of his contribution of separate property, (5) directed that, after the parties each received reimbursement of their contributions of separate property from the net proceeds of the sale of the marital residence, the remainder of those net proceeds be divided equally between them, (6) failed to award him a credit in the sum of $1,700 for expenditures he incurred for the benefit of the defendant's daughter from a prior marriage and, (7) failed to award him a credit in the sum of $2,500 for legal fees he expended on behalf of the defendant's son from a prior marriage.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing that the plaintiff pay retroactive maintenance and child support arrears without a credit to him for mortgage and real estate tax payments he made with respect to the marital residence, (2) by deleting the provision thereof directing him to pay, in full, the principal and interest on all marital debts bearing the defendant's name, (3) by substituting therefor a provision directing the defendant to pay 50% of the principal and interest on all marital debts bearing the defendant's name, (4) by adding thereto a provision awarding the plaintiff a credit in the sum of $1,700 for expenditures he incurred on behalf of the defendant's daughter from a prior marriage, and (5) by adding thereto a provision awarding the plaintiff a credit in the sum of $2,500 for legal fees expended on behalf of the defendant's son from a prior marriage; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination of the amount of the marital debt, including accrued interest as of the date of the commencement of the action, and the entry thereafter of an amended judgment directing the defendant to pay 50% of that amount, including 50% of that portion of the marital debt previously satisfied by distribution of the parties' property in this action.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts (*see Arrigo v Arrigo,* 38 AD3d 807, 808 [2007]; *DeVries v DeVries,* 35 AD3d 794, 796 [2006]; *Mazzone v Mazzone,* 290 AD2d 495, 496 [2002]; *Sperling v Sperling,* 165 AD2d 338, 342 [1991]). Contrary to the husband's contention, the Supreme Court's determination that the wife was entitled to maintenance on a nondurational basis was not an improvident exercise of its discretion. While the husband correctly contends that the court improperly admitted into evidence and relied upon a determination of the Social Security Administration as to the wife's disability, there was other sufficient admissible evidence which supported the finding that the wife was totally disabled (*see Peri v Peri,* 2 AD3d 425, 426 [2003]; *Mazzone v Mazzone,* 290 AD2d 495, 496 [2002]; *Loeb v Loeb,* 186 AD2d 174, 175 [1992]; *cf. Palestra v Palestra,* 300 AD2d 288, 289 [2002]).

In reviewing a court's determination as to the equitable distribution of marital assets, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal (*see Antes v Antes,* 304 AD2d 597, 597-598 [2003]). Applying this principle, we decline to disturb the Supreme Court's determination as to the amount of the husband's separate property contribution toward the purchase of the marital residence. Moreover, the Supreme Court did not improvidently exercise its discretion in dividing the remaining proceeds equally between the parties, after deduction of their contributions of separate property (*see McCully v McCully,* 306 AD2d 329, 330 [2003]; *Sebag v Sebag,* 294 AD2d 560 [2002]; *Zuidema v Zuidema,* 270 AD2d 412 [2000]).

However, the husband correctly contends that, in directing him to pay maintenance and child support arrears, the Supreme Court erred in failing to credit him for the mortgage and real estate tax payments on the marital residence which he made pursuant to a pendente lite support order dated March 22, 2000 (*see Markopoulos v Markopoulos,* 274 AD2d 457, 459 [2000]; *Crane v Crane,* 264 AD2d 749, 752 [1999]; *Mellen v Mellen,* 260 AD2d 609, 610 [1999]). The amounts for which the husband should have been credited for his payments of the mortgage and real estate taxes, after adding a credit for one half of the amount the court awarded him from the proceeds of sale of the marital residence as a sanction for the wife's failure to cooperate in expediting its sale, were more than sufficient to offset the maintenance and child support arrears calculated by the Supreme Court. Hence, the court should not have awarded the wife maintenance and child support arrears.

The husband also correctly contends that the Supreme Court improvidently exercised its discretion by, in effect, holding him responsible for 100% of the credit card obligations that constitute the parties' marital debt as well as all the marital debt that was solely in the wife's name. Under the circumstances of this case, the parties' marital debt would have been more appropriately distributed by allocating it equally between them, and offsetting it against the net proceeds of the sale of the marital residence after deduction of their contributions of separate property (*see Bogdan v Bogdan*, 260 AD2d 521, 522 [1999]; *Gelb v Brown*, 163 AD2d 189, 194 [1990]; *see also Levine v Levine*, 24 AD3d 625, 626 [2005]).

The Supreme Court erred in failing to award the husband a credit for the sum of $1,700 in expenses he incurred on behalf of the wife's daughter from a prior marriage and the sum of $2,500 in fees expended from marital funds on behalf of the wife's son from a prior marriage.

However, since, at this juncture, the marital residence may already have been sold and the proceeds distributed, we remit the matter to the Supreme Court, Nassau County, for a hearing and determination of the amount of the parties' marital debt, including accrued interest as of the commencement of the action, and the entry thereafter of an amended judgment directing the wife to pay 50% of the entire marital debt, including 50% of that portion of the marital debt previously satisfied by distribution of the parties' properties in this action.

We note that at the trial of this matter, the Supreme Court erred in precluding the husband from offering evidence in support of his contention that a loan taken out against his 401(k) account was used to satisfy the marital debt obligation. Accordingly, on remittitur, the Supreme Court shall permit the husband to offer proof as to this at the hearing we are directing, and to credit him with the wife's portion of any marital debt which he proves was paid from the proceeds of this loan.

The parties' remaining contentions either are unpreserved for appellate review or without merit. Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.