■ WANDALYN WILLIAMS, Appellant, v JOHN H. EASON et al., Respondents. [854 NYS2d 477]—

Initially, the appeal from the order entered September 28, 2005 must be dismissed, as the plaintiff failed to provide an adequate record to enable this Court to render an informed decision on the merits of that appeal (*see Gaffney v Gaffney*, 29 AD3d 857 [2006]).

With respect to the order dated November 6, 2006 the Supreme Court properly granted that branch of the motion of the defendants John H. Eason and J.W.L.J. Realty Corporation (hereinafter JWLJ) which was for summary judgment dismissing the plaintiff's first cause of action to the extent that it sounded in fraud. The elements of a claim of fraud are "misrepresentation of a material fact, falsity, scienter and deception" (*Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644, 647 [1989]; *see Fredriksen v Fredriksen*, 30 AD3d 370, 372 [2006]). Eason and JWLJ made a prima facie showing that Eason made no misrepresentation of fact in connection with the parties' alleged agreement, and in response, the plaintiff failed to raise a triable issue of fact. Moreover, contrary to the plaintiff's contention, even if the first cause of action actually sounded in breach of contract, it was properly dismissed due to the absence of a writing subscribed by Eason (*see* General Obligations Law § 5-703 [1]).

Furthermore, the Supreme Court properly granted that branch of the motion which was for summary judgment dismissing the fourth cause of action, which sought to impose a constructive trust on the subject property. The elements of a constructive trust are a confidential or fiduciary relationship, a promise, a transfer in reliance thereon, and unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *O'Brien v Dalessandro*, 43 AD3d 1123, 1124 [2007]). Eason and JWLJ established their entitlement to judgment as a matter of law by demonstrating that there was no transfer of the subject property from the plaintiff to JWLJ. In response, the plaintiff failed to raise a triable issue of fact.

The court properly dismissed the third cause of action, seeking an accounting, and the fifth cause of action, seeking the partition and sale of the subject property, since, in response to the moving defendants' prima facie showing that the plaintiff had no valid interest in the subject property, the plaintiff failed to raise a triable issue of fact.

To the extent that the second cause of action sought specific performance of a contract between the plaintiff and Eason, it was properly dismissed. The Supreme Court erred, however, in granting that branch of the motion which was for summary judgment dismissing the second cause of action to the extent that it was based upon promissory estoppel. The elements of a cause of action based upon promissory estoppel are a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise (*see Gurreri v Associates Ins. Co.*, 248 AD2d 356, 357 [1998]). In opposition to the moving defendants' prima facie showing of their entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether Eason promised him that, after redeeming a tax lien on the subject property, Eason would form a corporation in which both he and the plaintiff would have ownership interests and then transfer title to the property to the corporation, knowing that the plaintiff, in reliance on his representation, would forgo opportunities to redeem the property on his own and perhaps gain sole ownership of it himself. In addition, the plaintiff raised triable issues of fact as to whether he actually relied upon Eason's alleged promise and sustained an injury as a result thereof. Moreover, in response to the moving defendants' prima facie showing that the promissory estoppel claim was barred by the statute of limitations, the plaintiff raised a triable issue of fact.

The parties' remaining contentions are without merit. Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.