■ MARIANNE KOST, Respondent-Appellant, v DARREL KOST, Appellant-Respondent. [881 NYS2d 141]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Kent, J.), entered February 5, 2008, as, upon a decision of the same court dated June 26,

2007, made after a nonjury trial, valued the defendant's interest in the former marital home at the sum of only $60,012.15, and awarded him the sum of only $24,281.23 as a distributive award, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as valued the defendant's interest in the former marital residence at the sum of $60,012.15 and awarded him the sum of $24,281.23 as a distributive award.

Ordered that the judgment is modified, on the facts, (1) by deleting the provision thereof which valued the defendant's interest in the former marital residence at the sum of $60,012.15, and substituting therefor a provision valuing the defendant's interest in the former marital residence at the sum of $126,530.53, and (2) by deleting the provision thereof awarding the defendant the sum of $24,281.23 as a distributive award, and substituting therefor a provision awarding him the sum of $90,799.61 as a distributive award; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The husband is entitled to an equitable share in the increase in the value of the marital residence over the course of the marriage, notwithstanding that the residence is the separate property of the wife. The increase in the value of separate property remains separate property "except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law § 236 [B] [1] [d] [3]; see Price v Price, 69 NY2d 8 [1986]), at which point the increase in value becomes marital property, in accordance with the rule that the definition of marital property is to be broadly construed, given the principle that a marriage is an economic partnership (see Mesholam v Mesholam, 11 NY3d 24 [2008]; Price v Price, 69 NY2d 8 [1986]). The record establishes that the appreciation in the value of the marital residence was attributable to the joint efforts of the parties (see Kilkenny v Kilkenny, 54 AD3d 816, 818 [2008]; Michelini v Michelini, 47 AD3d 902 [2008]; Lagnena v Lagnena, 215 AD2d 445 [1995]; Ryan v Ryan, 123 AD2d 679, 681 [1986]). The husband is, thus, entitled to share equitably in that increased value. Accordingly, the Supreme Court should have awarded the parties equal shares in the increase in the value of the marital residence.

The Supreme Court determined that the husband was entitled to a credit representing his 50% share of the reduction in the principal of the mortgage obligation referable to the residence. If that credit for the increase in equity attributable to the payment of mortgage principal is made, however, that return of equity should be subtracted from the increased value of the

marital residence to arrive at the net increased value (*see Kilkenny v Kilkenny,* 54 AD3d at 818). Moreover, the husband "is entitled to a return of the total contribution he made toward the purchase of the marital residence from his separate property" (*Mink v Mink,* 163 AD2d 748, 749 [1990]; *see Tozer v Tozer,* 286 AD2d 384, 386 [2001]; *Maczek v Maczek,* 248 AD2d 835, 837 [1998]).

Accordingly, taking into account the husband's credits, his interest in the former marital residence should have been valued in the sum of $126,530.53. After application of a credit to the wife representing her share of the parties's combined present dollar value of their respective pensions, the husband is entitled to an award in the sum of $90,799.61.

The parties' remaining contentions are without merit. Rivera, J.P., Santucci, Chambers and Hall, JJ., concur.