■ Nicole M. Bernholc, Respondent, v Jay Bornstein, Appellant. [898 NYS2d 228]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Cohen, J.), entered December 4, 2008, which, inter alia, upon a jury verdict, awarded the plaintiff a divorce on the grounds of constructive abandonment and cruel and inhuman treatment and, after a nonjury trial, awarded him only 40% of the marital property as his equitable share, directed him to pay 40% of certain credit card debt incurred by the plaintiff consisting of a debt to American Express Costco in the sum of $1,835.93 and a debt to Smith Barney Visa Platinum Selection in the sum of $1,005, failed to award him equitable distribution of a specified Teachers Federal Credit Union account in the plaintiff's name, awarded him the sum of only $900 as a distributive award attributable to the marital residence, and failed to award him maintenance and counsel fees.

Ordered that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof directing the defendant to pay 40% of certain credit card debt incurred by the plaintiff consisting of a debt to American Express Costco in the sum of $1,835.93 and a debt to Smith Barney Visa Platinum Selection in the sum of $1,005, and (2) by deleting the provision thereof awarding the defendant the sum of $900 as a distributive award attributable to the marital residence and substituting therefor a provision awarding the defendant the sum of $34,189.96; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on March 8, 1992, and have one child, who was born on June 10, 1996. At the time of the marriage, the plaintiff wife owned the marital residence, which she purchased in 1984. The parties agree that certain renovations performed around the time of the marriage resulted in an appreciation in its value in the sum of $35,000.

On February 6, 2007, the plaintiff commenced this action

seeking, inter alia, a divorce on the grounds of constructive abandonment and cruel and inhuman treatment. The issue of whether the plaintiff had grounds for a divorce was tried before a jury, which unanimously found in her favor with respect to both grounds alleged. Additionally, following a nonjury trial on ancillary issues, the Supreme Court, inter alia, awarded the defendant 40% of the marital property as his equitable share, treated the plaintiff's credit card debt as marital debt and directed the defendant to pay 40% of that debt, limited the defendant's distributive award for the value of improvements made to the marital residence to the sum of $900, failed to award the defendant a distributive award from a specified Teachers Federal Credit Union account in the plaintiff's name, an award of maintenance, and an award of counsel fees. We modify.

For a court to determine that a jury verdict is not supported by legally sufficient evidence, it must conclude that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Furthermore, a jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Here, the jury properly found that the plaintiff was entitled to a divorce on the ground of cruel and inhuman treatment. A party seeking a divorce on the ground of cruel and inhuman treatment "must generally show a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper" (*Brady v Brady*, 64 NY2d 339, 343 [1985]). "A pattern of conduct which includes verbal abuse and physical harassment is sufficient" (*Bulger v Bulger*, 88 AD2d 895, 896 [1982]; *see Freas v Freas*, 33 AD3d 1069, 1070 [2006]). In the case of a long marriage, "courts in this State have required a high degree of proof of cruel and inhuman treatment . . . and an isolated act of mistreatment will rarely suffice" (*Brady v Brady*, 64 NY2d at 344). Contrary to the defendant's contention, his tumultuous behavior on several occasions, as well as his verbal abuse, were sufficient to establish a cause of action for a divorce based on cruel and inhuman treatment (*see Bulger v Bulger*, 88 AD2d 895, 896 [1982]). Further, the plaintiff's doctor and therapist testified that the defendant's conduct was affecting her mentally and physically. Accordingly, the jury's finding that the plaintiff was entitled to a divorce on the ground of cruel and inhuman treatment was supported by

legally sufficient evidence and was not against the weight of the evidence.

On the question of equitable distribution of marital property, a trial court is vested with broad discretion in making an equitable distribution award, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed; equitable distribution does not necessarily mean equal distribution (*see Michaelessi v Michaelessi*, 59 AD3d 688, 689 [2009]; *Evans v Evans*, 57 AD3d 718, 719 [2008]; *Mavra v Mavra*, 131 AD2d 447, 448 [1987]). Under the totality of the circumstances in this case, the award of 40% of the marital property to the defendant was a provident exercise of discretion.

However, the evidence did not establish that the plaintiff's credit card debt constituted marital debt that should be shared equally by the parties, as opposed to a debt incurred by the plaintiff for her personal expenses (*see Preisner v Preisner*, 47 AD3d 695, 696 [2008]; *Mulcahy v Mulcahy*, 255 AD2d 565 [1998]), and some of that debt was incurred subsequent to the commencement of the divorce action. Therefore, we find that the Supreme Court erred in directing the defendant to pay for 40% of that debt.

The marital residence constituted the plaintiff's separate property. Appreciation in the value of separate property is considered separate property, "except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (*Johnson v Chapin*, 12 NY3d 461, 466 [2009]; *see* Domestic Relations Law § 236 [B] [1] [d] [3]). When the nontitled spouse makes direct financial contributions to the property and/or direct nonfinancial contributions to the property "such as by personally maintaining, making improvements to, or renovating a marital residence," or the appreciation is the result of both parties' efforts, appreciation due to those efforts constitutes marital property subject to equitable distribution (*Johnson v Chapin*, 12 NY3d at 466; *see Kost v Kost*, 63 AD3d 798, 799 [2009]).

Further, where marital funds are used to pay off the separate debt of the titled spouse on the separate property, the nontitled spouse may be entitled to a credit (*see Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 421 [2009]). The reduction of indebtedness on separate property is not considered appreciation in the value of the separate property; rather, the credit is to remedy the inequity created by the expenditure of marital funds to pay off separate liabilities. The marital funds used to pay off those liabilities are added back into marital property, and the nontitled

spouse is awarded his or her equitable share of those recouped marital funds (*see Kilkenny v Kilkenny*, 54 AD3d 816, 819 [2008]; *Markopoulos v Markopoulos*, 274 AD2d 457, 458-459 [2000]; *Micha v Micha*, 213 AD2d 956, 957 [1995]). Financial contributions by a spouse during a marriage are treated as marital property, unless the party making the contributions can trace the source of the contributions to separate property (*see Steinberg v Steinberg*, 59 AD3d 702, 704 [2009]).

In the instant case, both parties contributed to the appreciation of the marital residence in the sum of $35,000 resulting from the renovation of the marital residence. The evidence established that the defendant performed some of the work himself, and contributed to paying off home equity loans used to make the renovations. Further, a stipulation between the parties with respect to ancillary issues indicates that the sum of $50,474.90 of the principal amount of the original mortgage loan on the marital residence was paid during the course of the marriage, and the plaintiff failed to establish that those payments were made from sources other than marital funds. Thus, the defendant is entitled to his equitable share of these amounts, or the sum of $34,189.96 (40% of the sum of $85,474.90).

The trial court declined to award the defendant maintenance, finding that he is "is more than able to support himself in his current employment consistent with the quality of life he has chosen to maintain during the marriage." The defendant contends that the financial disparity between the parties warranted an award of maintenance (*see Scarlett v Scarlett*, 35 AD3d 710, 711 [2006]). However, financial disparity is only one factor to consider (*see Graham v Graham*, 175 AD2d 540, 542 [1991]). Another factor to consider is the fact that the plaintiff is now the custodial parent of the parties' child (*id.*). Further, the trial court's finding that the defendant was capable of earning a higher income was supported by evidence in the record.

The denial of an award of counsel fees to the defendant was a proper exercise of the trial court's discretion (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Levy v Levy*, 4 AD3d 398 [2004]; *Grossman v Grossman*, 260 AD2d 602 [1999]).

The evidence supports the plaintiff's claim that she spent the funds in the Teachers' Federal Credit Union account in issue on marital expenses. There is no basis to conclude that the plaintiff improperly transferred or depleted marital assets, prior to or subsequent to the commencement of the divorce action (*cf.* Domestic Relations Law § 236 [B] [5] [d] [11], [12]; *Taverna v Taverna*, 56 AD3d 461, 462 [2008]).

The defendant's remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.