■ SUSAN F. JONES, Appellant-Respondent, v NICHOLAS A. JONES, Respondent-Appellant. [939 NYS2d 510]—

Prior to the parties' marriage, the defendant purchased certain real property consisting of approximately 129 acres (hereinafter the former marital residence), which included a farmhouse and associated farm buildings. During the marriage, the parties erected a horse barn and created pasture land for the purpose of establishing a horse farm on the property. The parties created a horse boarding business called Misty Mountain Farm, which was primarily run by the plaintiff.

Contrary to the plaintiff's contention, the former marital residence was not transformed into marital property by her contributions to the property. The former marital residence is the defendant's separate property, as the defendant purchased it before the marriage with the proceeds he received from a personal injury settlement, and the evidence is insufficient to demonstrate that it was transformed into marital property (*see Tsigler v Kasymova*, 73 AD3d 1159 [2010]).

"Appreciation in the value of separate property is considered separate property, 'except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse' " (*Bernholc v Bornstein*, 72 AD3d 625, 628 [2010], quoting *Johnson v Chapin*, 12 NY3d 461, 466 [2009]; *see* Domestic Relations Law § 236 [B] [1] [d] [3]). "When the nontitled spouse makes direct financial contributions to the property and/or direct nonfinancial contributions to the property 'such as by personally maintaining, making improvements to, or renovating a marital residence,' or the appreciation is the result of both parties' efforts, appreciation due to those efforts constitutes marital property subject to equitable distribution" (*Bernholc v Bornstein*, 72 AD3d at 628, quoting *Johnson v Chapin*, 12 NY3d at 466). The record establishes that the appreciation in the value of the former marital residence was attributable to the joint efforts of the parties. Considering the plaintiff's contributions to the subject property, including, inter alia, her work on the horse farm, we find that the plaintiff should have been awarded 40% of the appreciation in value of the former marital residence during the parties' marriage (*see Mongelli v Mongelli*, 68 AD3d 1070, 1072 [2009]; *Kilkenny v Kilkenny*, 54 AD3d 816, 818-819 [2008]). We calculate that appreciation in value by subtracting the net value of the former marital residence (i.e., the fair market value less the outstanding principal balance of the mortgage loan) at the time of the commencement of the marriage from the net value of the former marital residence at the time of the trial (*see Kilkenny v Kilkenny*, 54 AD3d at 819).

The evidence at trial demonstrated that the former marital residence was worth the sum of $185,000 on the date of the parties' marriage. The defendant took out a mortgage loan in the sum of $35,000 in order to purchase the property, which was paid off during the parties' marriage. The property was valued at $875,000 at the time of trial. Thus, the net value of the former marital residence at the time of trial, $875,000, less the net value of the former marital residence at the time of the commencement of the marriage, $150,000, equals the sum of $725,000, which represents the appreciation in value of the for-

mer marital residence during the parties' marriage. The wife's 40% share of that appreciation in value is the sum of $290,000.

" 'The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts. The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting' " (*id*. at 820, quoting *DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008] [internal quotation marks omitted]). On the facts presented here, the Supreme Court's award of maintenance to the plaintiff in the sum of $500 per week for a period of six years was a provident exercise of discretion (*see* Domestic Relations Law § 236 [B] [6] [a]; *Mari v Mari*, 19 AD3d 380 [2005]).

However, the Supreme Court erred in determining that the maintenance obligation should commence on the first Friday following the plaintiff vacating the former marital residence. An award of maintenance is effective as of the date of application therefor (*see* Domestic Relations Law § 236 [B] [6] [a]; *Kilkenny v Kilkenny*, 54 AD3d at 821). Thus, the Supreme Court should have directed that the defendant's maintenance obligation shall be effective as of November 13, 2008, the date of the plaintiff's application for maintenance, and that the arrears due on that obligation shall be paid in monthly installments of $1,000, until paid in full (*see* Domestic Relations Law § 236 [B] [6] [a]; *Miceli v Miceli*, 78 AD3d 1023, 1026 [2010]). Accordingly, we must remit the matter to the Supreme Court, Orange County, for calculation of the amount of retroactive maintenance due, and the entry of an appropriate amended judgment thereafter (*see Miceli v Miceli*, 78 AD3d at 1026).

" 'The decision to award . . . [an] attorney's fee lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as [that of] the trial court' " (*Crook v Crook*, 85 AD3d 958, 959 [2011], quoting *O'Brien v O'Brien*, 66 NY2d 576, 590 [1985]). " '[I]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions' " (*Crook v Crook*, 85 AD3d at 959, quoting *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in awarding the plaintiff an attorney's fee in the sum of only $5,000. Considering, inter alia, the economic disparity between

the parties, we deem it appropriate to award the plaintiff an attorney's fee in the sum of $20,000 (*see Aloi v Simoni*, 82 AD3d 683, 687 [2011]). Skelos, J.P., Hall, Lott and Roman, JJ., concur.