In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Berliner, J.), dated June 6, 2011, which, upon a decision of the same court dated March 15, 2011, made after a nonjury trial, inter alia, awarded the plaintiff maintenance in the sum of $350 per week until March 15, 2014, directed that his maintenance obligation be retroactive to the date the action was commenced, failed to award him a separate property credit for the plaintiffs use of funds to pay off a certain loan on her separate property, and awarded the plaintiff the sum of $3,520 as a distributive award, representing the value of her 50% share of the marital property, and (2) from a money judgment of the same court dated July 6, 2011, which, upon an order of the same court dated March 15, 2011, granting the plaintiffs application for an award of an attorney’s fee, is in favor of the plaintiff and against him in the principal sum of $20,000.
Ordered that on the Court’s own motion, the notice of appeal from the order dated March 15, 2011, is deemed a premature notice of appeal from the money judgment dated July 6, 2011 (see CELR 5520 [c]); and it is further,
Ordered that the judgment dated June 6, 2011, is modified, *472 on the law, (1) by deleting from the seventh decretal paragraph thereof the words “retroactive to the commencement date” and substituting therefor the words “retroactive to May 14, 2010,” and (2) by deleting from the ninth decretal paragraph thereof the sum of $3,520 and substituting therefor the sum of $20; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that the money judgment dated July 6, 2011, is affirmed, without costs or disbursements.
The amount and duration of maintenance is addressed to the sound discretion of the trial court, and is to be determined on a case-by-case basis (see Sirgant v Sirgant, 43 AD3d 1034, 1035 [2007] ). “When evaluating whether a court providently exercised its discretion in awarding maintenance, the factors to be considered are whether the award encourages economic independence, the present and future earning capacity of the parties, the reduced or lost lifetime earning capacity of the party seeking maintenance, the duration of the marriage, whether the amount and duration of the award is appropriate in light of the pre-separation standard of living, the reasonable needs of the recipient spouse, the income and property of the parties, the distribution of the marital property, and the health of the parties” (Litvak v Litvak, 63 AD3d 691, 692 [2009]; see Domestic Relations Law § 236 [B] [6] [a]; Hartog v Hartog, 85 NY2d 36, 51-52 [1995]). Here, in light of the relevant factors, including the disparity in the parties’ income, the Supreme Court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $350 per week until March 15, 2014 (see Duffy v Duffy, 84 AD3d 1151, 1152 [2011]; Raynor v Raynor, 68 AD3d 835, 837-838 [2009]; Damas v Damas, 51 AD3d 709 [2008] ). However, the court erred in awarding maintenance retroactive to the date of commencement of the action, as the record reflects that the plaintiff did not make an application for maintenance until she filed a proposed statement of distribution dated May 14, 2010. Accordingly, the award of maintenance should have been made retroactive to May 14, 2010 (see Domestic Relations Law § 236 [B] [6] [a]; Beach v Beach, 158 AD2d 848 [1990]).
“[W]here marital funds are used to pay off the separate debt of the titled spouse on the separate property, the nontitled spouse may be entitled to a credit” (Bernholc v Bornstein, 72 AD3d 625, 628 [2010]; see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421 [2009]). “The reduction of indebtedness on separate property is not considered appreciation in the value of the separate property; rather, the credit is to remedy the inequity *473 created by the expenditure of marital funds to pay off separate liabilities. The marital funds used to pay off those liabilities are added back into marital property, and the nontitled spouse is awarded his or her equitable share of those recouped marital funds” (Bernholc v Bornstein, 72 AD3d at 628-629; see Kilkenny v Kilkenny, 54 AD3d 816, 819 [2008]; Markopoulos v Markopoulos, 274 AD2d 457, 458-459 [2000]). Here, while the Supreme Court properly determined that the plaintiffs Toyota Corolla was her separate property, it erred in failing to credit the defendant for one half of the $7,000 in marital funds used to pay off the loan on the vehicle. Accordingly, the defendant was entitled to a credit in the sum of $3,500, to be deducted from the plaintiffs distributive award, which had been in the sum of $3,520.
In light of the disparity in the parties’ incomes and the defendant’s actions in unnecessarily prolonging the litigation, the award of an attorney’s fee to the plaintiff in the sum of $20,000 was appropriate (see Aloi v Simoni, 82 AD3d 683, 686-687 [2011]; Raynor v Raynor, 68 AD3d at 839).
The defendant’s remaining contentions are without merit. Skelos, J.P., Dillon, Leventhal and Sgroi, JJ., concur.