*562 In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Palmieri, J.), entered May 16, 2012, which, upon a decision of the same court dated October 13, 2011, made after a nonjury trial, inter alia, directed the sale of the marital residence, awarded the plaintiff the sum of $36,227.50 as a distributive award, and awarded the plaintiff one half of the appreciation in value of the defendant’s separate property located on Sound Beach Avenue in Bayville.
Ordered that the judgment is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff the sum of $36,227.50 as a distributive award, and substituting therefor a provision awarding the plaintiff the sum of $32,477.50 as a distributive award, and (2) by deleting the provision thereof directing the sale of the marital residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith, and thereafter, the entry of an appropriate amended judgment.
In a companion appeal (see Aebly v Lally, 112 AD3d 561 [2013] [decided herewith]), this Court is dismissing an appeal taken, by permission, from an intermediate order of the Supreme Court, Nassau County, dated October 13, 2011, because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and are now considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
At the time of the parties’ marriage in 1997, the defendant owned real property on Sound Beach Avenue in Bayville (hereinafter the Sound Beach property), which she purchased in 1995. Based on the plaintiff’s contributions to the Sound Beach property during the marriage, the Supreme Court properly determined that the plaintiff was entitled to share equally in the appreciation in the value of that property during the parties’ marriage (see Johnson v Johnson, 99 AD3d 765 [2012]; Jones v Jones, 92 AD3d 845 [2012]; Bernholc v Bornstein, 72 AD3d 625 [2010]; Kilkenny v Kilkenny, 54 AD3d 816 [2008]).
However, since, as the plaintiff concedes, he used $7,500 of marital funds to pay a retainer fee to his first attorney in connection with this litigation, the defendant was entitled to a *563 credit in the sum. of one half of this retainer fee (see Khan v Ahmed, 98 AD3d 471 [2012]; Bernholc v Bornstein, 72 AD3d at 628-629; Chiotti v Chiotti, 12 AD3d 995, 998 [2004]; see also Decker v Decker, 91 AD3d 1291, 1292 [2012]).
Under the particular circumstances of this case, the Supreme Court improvidently exercised its discretion in directing the immediate sale of the marital residence without first offering the defendant the option of retaining exclusive occupancy of the marital residence by purchasing the plaintiffs interest therein (see Skinner v Skinner, 241 AD2d 544, 545 [1997]; Hillmann v Hillmann, 109 AD2d 777, 778 [1985]; Patti v Patti, 99 AD2d 772 [1984]). The financial circumstances of the parties did not dictate the immediate sale of the marital residence (see Skinner v Skinner, 241 AD2d at 545; Hillmann v Hillmann, 109 AD2d at 778; cf. Blackman v Blackman, 131 AD2d 801, 804 [1987]). However, in light of the acrimonious relationship between the parties, the marital residence should not continue to be jointly owned by the parties for an extended period of time. Under these circumstances, and considering that the parties will receive substantial income from the sale of other marital properties by an appointed receiver, it is appropriate to give the defendant the option of retaining exclusive occupancy of the marital residence, provided that, in the event she exercises the option, she must, within six months after service upon her of a copy of this decision and order with notice of entry, pay off the remaining balance of the mortgage on that property and, upon receipt of a satisfaction of the mortgage, the plaintiff must convey by deed to the defendant, his interest in the property. Further, in the event that the defendant exercises the option and satisfies the mortgage, and the plaintiff conveys his interest in the property to the defendant, the Supreme Court must recalculate the equitable distribution award and make appropriate adjustments, taking into account the exercise of the option and satisfaction of the mortgage and conveyance of title. In the event that the option is not exercised, or the option is exercised but the mortgage is not satisfied within the time period allotted, the marital residence must be sold by the appointed receiver, following an appraisal, in accordance with the terms of the judgment entered May 16, 2012. Within 60 days after service upon her of a copy of this decision and order with notice of entry, the defendant must notify the Supreme Court and plaintiffs counsel, in writing, whether she intends to exercise the option. In the event that the defendant fails to so communicate her intent to the Supreme Court and plaintiff’s counsel, then she will be deemed to have waived the option. Further, in the event that the defendant exercises the option for *564 exclusive occupancy, she will be solely responsible for, and must pay, all carrying charges on the marital residence that are incurred on or after the date of this decision and order, and the plaintiff will be entitled to a credit for any such carrying charges paid by him on or after the date of this decision and order.
The defendant’s remaining contentions either are without merit or do not warrant reversal.. Skelos, J.E, Hall, Cohen and Hinds-Radix, JJ„, concur.