■ JOSEPH RIZZO, Respondent, v TRACI RIZZO, Appellant. [993 NYS2d 104]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Dutchess County (Sproat, J.), dated June 7, 2012, as incorporated by reference and directed the parties to comply with stated portions of an interlocutory judgment of the same court (Pagones, J.), dated May 15, 2012, which, after a nonjury trial on the issues of equitable distribution, maintenance, and attorney's fees, inter alia, awarded the plaintiff 100% of a certain annuity as his separate property, awarded the plaintiff 100% of his pension as his separate property, failed to award her an equitable share in the marital residence, required her to reimburse the plaintiff for certain credit card debt, and denied her application for an award of attorney's fees.

Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof incorporating by reference and directing the parties to comply with so much of the interlocutory judgment as awarded the plaintiff 100% of the annuity and 100% of the plaintiff's pension as his separate property, and substituting therefor a provision stating that the annuity constitutes marital property, that the plaintiff's equitable share is 90% of the monthly annuity payment and the defendant's equitable share is 10% of the monthly annuity payment, and that the surviving party shall receive the entire monthly annuity payment upon the death of the former spouse; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, the provisions in the interlocutory judgment which awarded 100% of the annuity and the pension to the plaintiff are vacated, and the matter is remitted to the Supreme Court, Dutchess County, to determine what part, if any, of the plaintiff's pension constitutes marital property and thereafter for the entry of an appropriate amended judgment in accordance herewith.

In June 2012, the Supreme Court awarded a divorce to the plaintiff, on the defendant's consent, on the ground of constructive abandonment. The issues on this appeal concern the court's determination that certain property was the separate property of the plaintiff, the court's distribution of certain marital property and debt, and the defendant's entitlement to an award of an attorney's fee.

In reviewing a judgment rendered in a matrimonial action, this Court's power is as broad as that of the trial court (*see*

*O'Brien v O'Brien*, 66 NY2d 576, 590 [1985]; *Cappiello v Cappiello*, 66 NY2d 107, 110 [1985]; *Majauskas v Majauskas*, 61 NY2d 481, 493-494 [1984]), and where, as here, the determination was made after a nonjury trial, the Court "may render the judgment it finds warranted by the facts" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Baba-Ali v State of New York*, 19 NY3d 627, 640 [2012]; *Miceli v Miceli*, 78 AD3d 1023, 1024-1025 [2010]).

Under the facts of this case, the annuity at issue, which was purchased pursuant to the terms of a settlement agreement in a civil action commenced jointly by the parties, constitutes marital property. In 2001, following an on-the-job accident that rendered the plaintiff unable to work, the parties together commenced an action in the Supreme Court, New York County, entitled *Rizzo v Triborough Bridge & Tunnel Auth.*, under index No. 115962/01, to recover damages for the plaintiff's personal injuries and for loss of consortium to the defendant. Both parties were named plaintiffs in the action, and the settlement agreement that was reached by the parties expressly provided that it was for full settlement, release, and discharge of all claims in the complaint, including loss of consortium. The settlement provided for a lump-sum payment in a certain amount and periodic monthly payments of $3,235 guaranteed for 30 years, then continuing for the life of either or both of the parties. The settlement agreement was silent as to the allocation of funds awarded for the plaintiff's personal injury cause of action and the defendant's cause of action for loss of consortium. Following the assignment of the obligor's duty under the settlement agreement, an annuity was created to effectuate the periodic monthly payments for 30 years, and thereafter for the life of either or both of the parties, as required by the settlement agreement. The annuity named the plaintiff and the defendant as joint payees with rights of survivorship.

Under the facts presented here, the Supreme Court erred in determining that the annuity constitutes the plaintiff's separate property. Although a settlement award emanating from a personal injury action commenced by the parties is partially the separate property of each party named in such action (*see Miceli v Miceli*, 78 AD3d at 1025; Domestic Relations Law § 236 [B] [1] [d] [2]), here, the parties' conduct converted the separate property of the settlement into marital property. Specifically, the parties' agreement to a settlement term that allowed the obligor or its successors to purchase an annuity, which provided for a right of survivorship to each party, to effectuate the terms of the settlement, manifests the parties' intent to transfer the

character of the property of each arising out of that settlement from separate to marital. The annuity that was purchased names both parties as joint payees and, by its terms, provides a right of survivorship to each payee upon the death of the other. In addition, the parties do not dispute that they treated past payments made to them from the annuity as marital property, that those monthly payments were direct-deposited into a joint bank account bearing both parties' names, and that those funds were thereafter immediately transferred into a joint checking account set up to pay household and living expenses (*see Crescimanno v Crescimanno*, 33 AD3d 649, 649-650 [2006]; *Garner v Garner*, 307 AD2d 510, 512 [2003]). Consequently, the annuity constitutes marital property that must be equitably distributed (*see Garner v Garner*, 307 AD2d at 512; *Geisel v Geisel*, 241 AD2d 442, 443 [1997]; *Schmidlapp v Schmidlapp*, 220 AD2d 571, 572 [1995]).

With respect to the equitable distribution of this marital asset, "it is important to note that there is no requirement that the distribution of each item of marital property be on an equal basis" (*Coffey v Coffey*, 119 AD2d 620, 622 [1986]). Here, equity dictates that the plaintiff should receive most of the annuity, as he is permanently disabled and unable to earn an income now or in the future, whereas the plaintiff is employed and has future income earning capacity. Taking into account the circumstances of this case and of each of the parties, the allocation of 90% of the monthly annuity payment to the plaintiff and 10% to the defendant would be equitable (*see* Domestic Relations Law § 236 [B] [5] [c]; *Garner v Garner*, 307 AD2d at 512). However, as the annuity provides for a right of survivorship, the parties should retain their respective proportional interests in the annuity while both are living, with the surviving party receiving increased benefits upon the death of the former spouse (*see Munson v Munson*, 250 AD2d 1004 [1998]). Accordingly, the plaintiff is entitled to 90% and the defendant is entitled to 10%, respectively, of each monthly annuity payment, and, upon the death of one of the parties, the surviving party is entitled to receive the entire monthly annuity payment, inclusive of both parties' share, and the matter must be remitted to the Supreme Court, Dutchess County, for the entry of an appropriate amended judgment providing for such allocation.

The Supreme Court also erred in finding that the plaintiff's pension payments constituted separate property not subject to equitable distribution (*cf.* Domestic Relations Law § 236 [B] [5] [b]). In New York, "pension benefits or vested rights to those benefits, except to the extent that they are earned or acquired

before marriage or after commencement of a matrimonial action, constitute marital property" (*Dolan v Dolan*, 78 NY2d 463, 466 [1991]; *see Olivo v Olivo*, 82 NY2d 202, 207 [1993]; *Majauskas v Majauskas*, 61 NY2d at 490; *Howe v Howe*, 68 AD3d 38, 40 [2009]). To the extent that a disability pension constitutes compensation for personal injuries, it is considered separate property not subject to equitable distribution (*see Dolan v Dolan*, 78 NY2d at 466; *Howe v Howe*, 68 AD3d at 41; *Mylett v Mylett*, 163 AD2d 463, 464-465 [1990]). However, to the extent that a disability pension represents deferred compensation, it is subject to equitable distribution (*see Olivo v Olivo*, 82 NY2d at 207; *Dolan v Dolan*, 78 NY2d at 466; *Howe v Howe*, 68 AD3d at 40; *Mylett v Mylett*, 163 AD2d at 465). Thus, here, the defendant is entitled to an equitable share of the marital portion of so much of the plaintiff's pension as represents deferred compensation (*see* Domestic Relations Law § 236 [B] [5] [c]). Since the plaintiff failed to demonstrate that all of his pension payments constitute separate property, and since we cannot glean from this record what portion of the plaintiff's pension, if any, represents deferred compensation, we remit the matter to the Supreme Court, Dutchess County, to determine what part of the plaintiff's pension constitutes marital property subject to equitable distribution and for the distribution of any such property in accordance with the equitable distribution statute, and for the entry of an appropriate amended judgment thereafter.

The defendant does not dispute that the marital residence is the plaintiff's separate property that the plaintiff acquired before the marriage. Under the equitable distribution statute, separate property is defined to include an increase in value of separate property, "except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law § 236 [B] [1] [d] [3]; *see Johnson v Chapin*, 12 NY3d 461, 466 [2009]; *Jones v Jones*, 92 AD3d 845, 847 [2012]; *Bernholc v Bornstein*, 72 AD3d 625, 628 [2010]). Therefore, any appreciation in the value of separate property due to the contributions or efforts of the nontitled spouse will be considered marital property (*see Johnson v Chapin*, 12 NY3d at 466; *Price v Price*, 69 NY2d 8, 17 [1986]). "This includes any direct contributions to the appreciation, such as when the nontitled spouse makes financial contributions towards the property, as well as when the nontitled spouse makes direct nonfinancial contributions, such as by personally maintaining, making improvements to, or renovating a marital residence" (*Johnson v Chapin*, 12 NY3d at 466; *see Price v Price*, 69 NY2d at 17-18; *Jones v Jones*, 92 AD3d at 847; *Bernholc v Bornstein*, 72 AD3d at 628). Contrary to the defendant's contention, the

Supreme Court did not err in determining that the defendant failed to provide any evidence tending to show an appreciation in the value of the marital residence due to her contributions that would entitle her to an equitable share of the increase in value of the marital property (*see* Domestic Relations Law § 236 [B] [1] [d] [3]; *Price v Price*, 69 NY2d at 17). The only evidence of the value of the marital residence was the plaintiff's net worth statement, which indicated that he purchased it for $35,000. The defendant offered no evidence to establish the value of the home at the time of the commencement of the divorce action or whether it had appreciated in value during the marriage.

With respect to certain debt incurred during the marriage, upon determining that the cost of surgery that the defendant underwent during the marriage constitutes marital debt, the Supreme Court properly determined that the defendant was required to reimburse the plaintiff for the funds that he had paid for the defendant's share of the cost of the surgery (*see Epstein v Messner*, 73 AD3d 843, 845 [2010]; *Bogdan v Bogdan*, 260 AD2d 521 [1999]).

The Supreme Court properly denied the defendant's application for an award of an attorney's fee (*see* Domestic Relations Law § 237 [a]). Neither the defendant nor her attorney submitted any supporting documentation or other evidence that would have supported such an award (*cf. Cervone v Cervone*, 74 AD3d 1268, 1269 [2010]; *Horowitz v Horowitz*, 63 AD3d 1001, 1002 [2009]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.