■ REPUBLIC INSURANCE COMPANY, Appellant, v NORTHERN AIRE DEVELOPMENT, INC., et al., Respondents. — In an action on a general indemnity agreement, plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated December 15, 1981, which (1) denied its motions (a) for summary judgment as against defendant Scaccia and (b) for leave to enter a default judgment as against defendant Northern Aire Development, Inc. and (2) granted defendants' cross motion to dismiss the complaint for failure to state a cause of action. Order reversed, on the law, without costs or disbursements, (1) the cross motion is granted to the extent that the complaint is dismissed as against the individual defendant except insofar as plaintiff seeks to recover legal fees and other expenses already incurred, (2) plaintiff's motion for summary judgment as against the individual defendant is granted to the extent that plaintiff seeks to recover for legal fees and other expenses already incurred, and (3) plaintiff's motion for leave to enter a default judgment as

against the corporate defendant is granted. The case is remitted to the Supreme Court, Dutchess County, for an assessment of damages. The record reveals that plaintiff's claim for damages it may sustain is premature and should have been determined by way of a third-party action (see *Burgundy Basin Inn v Watkins Glen Grand Prix Corp.,* 51 AD2d 140). However, insofar as the claim is for legal fees and other expenses already incurred in consequence of the legal action arising out of the subdivision bond, it is ripe and proper. Furthermore, plaintiff's motion for a judgment by default against defendant Northern Aire Development, Inc. must be granted since said defendant failed to respond to plaintiff's complaint in the time prescribed by statute. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.