■ REPUBLIC INSURANCE COMPANY, Appellant, v NORTHERN AIRE DEVELOPMENT, INC., et al., Respondents. — In an action on a general indemnity agreement, plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated February 2, 1983, which denied its motion for leave to serve a supplemental complaint. Order modified by adding thereto a provision granting so much of plaintiff's motion as sought leave to serve a supplemental complaint containing an allegation that plaintiff had made payment to the Town of La Grange. As so modified, order affirmed, without costs or disbursements. Plaintiff's time to serve a supplemental complaint in accordance herewith is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. The defendants were principals on a subdivision bond issued by plaintiff to the Town of La Grange. The town subsequently instituted an action on the bond, alleging that the defendants had failed to perform properly. Plaintiff thereupon commenced a separate action against the defendants on the general indemnity agreement they had executed as consideration for the issuance of the bond. The corporate defendant defaulted. As against the individual defendant, plaintiff was ultimately awarded summary judgment on its claim for legal fees and expenses previously incurred in connection with its litigation with the town. However, so much of plaintiff's complaint as sought to recover sums which might be paid to the town on the bond was dismissed as premature, since the fact and extent of plaintiff's liability had not been established. No leave to replead was sought or granted (see *Republic Ins. Co. v Northern Aire Dev.*, 88 AD2d 973). Plaintiff subsequently settled the action with the town and paid it some $27,000 in consequence of the settlement. Plaintiff then moved, *inter alia,* for leave to serve a supplemental complaint in the instant action to allege payment to the town. Special Term denied the motion. In our view, plaintiff should have been granted leave to serve a supplemental complaint alleging payment to the town. That allegation, regarding a fact which occurred subsequent to the dismissal of the complaint, made the premature claim contained therein ripe for adjudication and demonstrated that plaintiff had acquired a cause of action. Such is a proper purpose for a supplemental pleading (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.24). Leave to serve a supplemental complaint alleging payment to the town, therefore, is appropriate (see, e.g., *Piffath v Esposito,* 58 AD2d 577; *Rochester Poster Adv. Co. v Town of Penfield,* 51 AD2d 870). As to that portion of plaintiff's motion which sought to add a new cause of action, we cannot conclude that Special Term abused its discretion in denying the application. The proposed additional cause of action was based upon the issuance of a different bond to a different town, a transaction which was not referred to in the original complaint (cf. *First London Commodity Options v Shearson Hayden Stone,* 81 AD2d 518; *Hodaba v Lippert,* 64 AD2d 691). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.