OPINION OF THE COURT
William F. McDermott, J.
The parties are husband and wife. Another action for di *1027 vorce is pending between them. That action was commenced on or about April 25, 1987. The instant action to impose a constructive trust upon certain real property (the marital residence) titled solely in defendant’s name was commenced by the plaintiff on or about June 10, 1989.
Plaintiff alleges that the parties resided together as husband and wife at the marital residence for a time prior to their marriage and that at this time, the property was titled solely in the defendant. It is further alleged that prior to their marriage, defendant promised that following the marriage, he would convey title to the joint names of both parties, as tenants by the entirety, and that this promise was a factor that induced plaintiff to marry defendant.
Whenever the subject arose during the parties’ 17 years of marriage preceding the commencement of the divorce action, defendant would represent to plaintiff that she was a joint owner and would be the sole owner upon his death. Plaintiff claims that she did not discover defendant’s failure to transfer the property until after the commencement of the divorce action, in April 1987. Defendant never conveyed title into the parties’ joint names.
The defendant has moved for summary judgment dismissing the constructive trust action claiming it is duplicative of the relief sought in the divorce action, namely, the equitable distribution of the marital residence.
In his Commentaries, Professor David Siegel suggests that a motion pursuant to CPLR 3211 (a) (4) should be granted "when the difference between the two actions concerns only the relief demanded, and the relief sought in either would be available in the other” (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:15, at 22). Conversely, where the relief being sought in one action would not be available in the other action, the motion should be denied.
The relief being sought in the constructive trust action, transfer of the real property from defendant to plaintiff and defendant, as tenants by the entirety, is not available in the parties’ divorce action, given the underlying facts.
As the parties concede, the property in question had already been acquired by the defendant prior to the marriage. Therefore the property will likely be characterized by the court in the divorce action, as the "separate” property of the defendant. (Domestic Relations Law § 236 [B] [1] [d] [1].) Thus, the property itself will remain the defendant’s separate property *1028 (Domestic Relations Law § 236 [B] [5] [b]), titled solely in him. And any claim by the plaintiff to a share of this asset in the divorce action will be limited to its increase in value during the marriage and then only to the extent that such appreciation was due in part to her contributions or efforts. (Domestic Relations Law § 236 [B] [5] [c]; [1] [d] [3]; Price v Price, 69 NY2d 8.)
Since the constructive trust action seeks relief which is not available to the plaintiff in the divorce action, the motion under CPLR 3211 (a) (4) is denied.
However the court is compelled to grant defendant’s motion for summary judgment dismissing plaintiff’s complaint on another ground.
Plaintiff’s pleadings and affidavits in opposition fail to establish all of the material elements necessary to support her cause of action to impose a constructive trust.
In Sharp v Kosmalski (40 NY2d 119 [1976]), the Court of Appeals restated the four requirements of an action to impose a constructive trust: (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment. Typically, a constructive trust is imposed when one party abuses an existing confidential relationship by making promises which induce the transfer of the property to the promisor, as in Sharp; and equity thereafter mandates that the property be held in constructive trust for the benefit of the transferor/promisee.
In the case at bar, however, the only transfer that took place, a conveyance of the property between a third party and the defendant, occurred on or about September 19, 1967; several months prior to the existence of the confidential relationship between the parties, which the plaintiff maintains commenced in December 1968.
The plaintiff did not transfer any interest in property to the defendant. Her hand in marriage is not the type of transaction envisioned by the cases applying the doctrine of constructive trust.
It is the promisor’s wrongful retention of property which he acquired from the promisee, by a breach of the parties’ relationship of confidence and trust, which equity seeks to redress. In essence, the doctrine is utilized to undo an unconscionable transfer, not to compel one in the first instance for a promise never kept, even though it was a promise that induced marriage.
*1029 Plaintiff has failed to allege and offer proof in evidentiary form, that she transferred an interest in the property in question in reliance upon the defendant’s promises.
Even though the "salutary purpose of the constructive trust remedy is to prevent unjust enrichment” (Sharp v Kosmalski, supra, at 123), the court cannot invoke this equitable remedy under the circumstances of the instant case.
Accordingly, the defendant’s motion for summary judgment dismissing the complaint is granted.