■ CHERYL C. TERRILLE, Appellant, v ALFRED L. TERRILLE, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (McDermott, J.), entered April 16, 1990 in Albany

County, which granted defendant's motion for summary judgment dismissing the complaint.

The parties were married on November 30, 1969. For about one year prior thereto they cohabited at 6 Melody Lane in the Town of Colonie, Albany County, and after the marriage continued to reside there together until March 1987, shortly before plaintiff commenced an action for divorce. Plaintiff commenced this second action seeking imposition of a constructive trust on the Melody Lane property, title to which has always been and remains solely in defendant's name. Defendant had purchased the property in September 1967 and resided there with his children of a prior marriage. Plaintiff alleged that prior to their marriage defendant promised to place her name on the deed with his and that in reliance on that promise, she married defendant. Plaintiff further alleged that during the marriage defendant continually represented to her that he had made her a joint owner and that she did not learn otherwise until the divorce action.

Defendant moved for summary judgment, contending that the relief sought was duplicative of the equitable distribution relief sought by plaintiff in the divorce action. Supreme Court found that the relief sought did not solely parallel that sought in the divorce action but nevertheless granted defendant's motion for summary judgment dismissing the complaint, finding that there had not been a transfer of any interest in the property. Plaintiff appeals contending that the absence of a transfer, which is generally considered to be one of the requirements for a constructive trust (see, Sharp v Kosmalski, 40 NY2d 119, 121) and relied upon by Supreme Court, did not require that there be an actual transfer of an interest in the property in order for her to prevail.

To support the imposition of a constructive trust upon property it must be shown that a fiduciary or confidential relationship was present, that a promise, express or implied, was made, that a transfer was made in reliance thereon, and that there was unjust enrichment (see, supra, at 121). We consider these factors to be useful guidelines (see, Reiner v Reiner, 100 AD2d 872, 874) and agree that they are flexible (Hornett v Leather, 145 AD2d 814, 815, lv denied 74 NY2d 603). A constructive trust is an equitable remedy available when the holder of legal title may not in good conscience retain a beneficial interest (Beatty v Guggenheim Exploration Co., 225 NY 380, 386). The law of constructive trusts, however, is not confined to reconveyance situations (Lester v Zimmer, 147 AD2d 340). The third element necessary to impress a

constructive trust speaks to a *transfer* in reliance on a promise without qualifying the underscored term. The transfer concept extends to instances where funds, time and effort were contributed in reliance on a promise to share in the result *(see, e.g., Spodeck v Riskin,* 150 AD2d 358; *Washington v Defense,* 149 AD2d 697, *lv denied* 74 NY2d 609). This court has recognized that a constructive trust may be imposed in the marital context where the proponent has expended specific funds or effort in reliance on a promise *(see, Tidball v Tidball,* 93 AD2d 954, 955; *Motyl v Motyl,* 35 AD2d 1051, 1052; *see also, Tomaino v Tomaino,* 68 AD2d 267; *Janke v Janke,* 47 AD2d 445, *affd* 39 NY2d 786).

In this case, however, plaintiff has failed to allege a transfer in reliance upon the promise. Rather the complaint alleges that defendant's promise was a factor that induced plaintiff to marry him. The money, time and effort alleged to have been expended by plaintiff was only that which could be expected in a normal marital relationship and was not the direct result of the promise. Plaintiff will have the opportunity to recover for marital contributions within the context of the equitable distribution aspect of her divorce action.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Crew III, and Harvey, JJ., concur. *[See,* 146 Misc 2d 1026.]