■ NORMAN SAFERSTEIN, Respondent, v MIDEAST SYSTEMS, LTD., et al., Appellants, et al., Defendants.—In an action to impress a constructive trust and for related relief, the defendants Mideast Systems, Ltd., Dominick P. Cosentino and Etrusca V. Cosentino appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Zeck, J.H.O.), dated January 3, 1990, as (1) is in favor of the plaintiff and against the defendants Dominick P. Cosentino and Etrusca V. Cosentino, in the sum of $295,612.88, and (2) imposed a constructive trust on certain real property held by the defendant Etrusca V. Cosentino.

Ordered that the appeal of the defendant Mideast Systems,

Ltd., is dismissed as abandoned, without costs or disbursements, as the appellants request no affirmative relief with respect to any provisions of the judgment appealed from by which Mideast Systems, Ltd., was aggrieved; and it is further,

Ordered that the judgment is modified, on the law, by deleting (1) subparagraphs "a" and "d" of the first decretal paragraph thereof, (2) that portion of the first decretal paragraph thereof which follows subparagraph "d", and (3) the second decretal paragraph thereof, and by substituting therefor a provision dismissing so much of the complaint as demanded the relief awarded in those provisions of the judgment; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment.

The evidence shows that the plaintiff deposited certain securities with the Barclay's Bank as collateral for certain loans made by that bank to the defendant Mideast Systems, Ltd. The record also shows that the defendants Etrusca V. and Dominick P. Cosentino in effect promised to indemnify the plaintiff against any losses which he might incur in connection with his posting of that collateral. Also, there is evidence that Etrusca V. Cosentino made an oral, but not a written promise to grant the plaintiff a mortgage on her property, or to sell her property in order to use the proceeds to indemnify the plaintiff in case of the loss of his collateral.

The Supreme Court found that the plaintiff's collateral was "in imminent danger of liquidation". The court, therefore, issued a money judgment which included the principal sum of $277,846, which was the balance then due on those loans. Also, considering that a money judgment against the Cosentino defendants would be satisfied, if at all, only in the event that Ms. Cosentino's real property were sold, the Supreme Court imposed a constructive trust on that property.

We conclude that the relief described above was improperly awarded to the plaintiff. First, the plaintiff's right to receive indemnification for the loss of his collateral does not become enforceable until his collateral is in fact lost. "[W]here the contract is one of general indemnity, [the indemnitee] must show that he has suffered actual loss or damage" (23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 65; *see also, Republic Ins. Co. v Northern Aire Dev. Co.,* 94 AD2d 764). Second, there is no basis for the imposing of a constructive

trust, considering that the plaintiff never had any legal interest in the subject property *(see, Bontecou v Goldman,* 103 AD2d 732; *Matter of Wells,* 36 AD2d 471, *affd* 29 NY2d 931), and the granting of an "equitable lien" was likewise improper *(see,* 77 NY Jur 2d, Mortgages, § 14).

In the event that the plaintiff in fact loses his collateral on account of a default on payment of the notes, nothing herein prevents him from obtaining indemnification from the Cosentinos in an action brought at that time *(see, Republic Ins. Co. v Northern Aire Dev. Co., supra),* and insofar as the instant action sought damages for loss of the collateral, it was premature. However, we affirm so much of the judgment as is premised on proof that, in order to avoid a default on those loans, the plaintiff himself made certain interest payments in 1988 and 1989 on behalf of Mideast Systems, Ltd. The Cosentinos are contractually bound to indemnify the plaintiff for those interest payments. Bracken, J. P., Sullivan, Lawrence and Eiber, JJ., concur.