■ Louis Neos et al., Appellants, v Gus Neos et al., Respondents. [692 NYS2d 133] —In an action, inter alia, to impose a constructive trust, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Lisa, J.), entered April 22, 1998, which, upon an order of the same court dated March 13, 1998, confirming the findings of fact and conclusions of law set forth in the decision of a Referee to hear and report (Leviss, J.H.O.), dated October 16, 1997, in effect, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The parties worked in their father's business prior to his death. Approximately six months prior to his death, the father transferred his stock in the company to himself and his eldest son, the defendant Gus Neos, as joint tenants with right of survivorship. Thereafter, a purported shareholders' agreement was drawn up to the effect that although Gus Neos was to be the owner of the stock, all of the parties were to share in the proceeds from the sale of the stock and "in any profit or benefits derived at the end of the year". The plaintiff Louis Neos admitted that he never discussed this agreement with the deceased.

Contrary to the plaintiffs' contention, the Judicial Hearing Officer properly found that the evidence demonstrated that no express inter vivos trust had been created. The plaintiffs have failed to establish an intent by the deceased to divest himself

of all title and right to, and control over, the subject property (*see, Orton v Tannenbaum,* 194 App Div 214, 220; *Matter of MacGregor,* 119 AD2d 909; *Matter of Kennedy,* 36 AD2d 549, 550; *Matter of Kaminsky,* 17 AD2d 690, 691; *Matter of Monks,* 171 Misc 2d 514, 517). The continuous joint custody of the property until the decedent's death was inconsistent with the plaintiffs' claim of complete delivery (*see, Matter of Kennedy, supra*).

The plaintiffs also failed to prove the facts necessary to impose a constructive trust upon the property transferred by their father to the defendant Gus Neos. Generally, before granting the equitable remedy of a constructive trust, four elements must be established: (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see, Sharp v Kosmalski,* 40 NY2d 119, 121; *Mendel v Hewitt,* 161 AD2d 849). Under the circumstances of this case, where the transfer of the subject stock preceded any purported shareholders' agreement and where the plaintiff Louis Neos has admitted that the purported agreement was never discussed with the decedent, it cannot be said that there existed any unfulfilled promise to convey an interest in the property thereby inducing the decedent, in the context of a confidential or fiduciary relationship, to make the transfer (*see, McGrath v Hilding,* 41 NY2d 625; *Spodek v Riskin,* 150 AD2d 358, 361).

Further, the plaintiffs failed to put forth any evidence, beyond unsubstantiated allegations that they ever had an equitable interest in the property (*see, Gluck v Fleischman,* 233 AD2d 420; *Saferstein v Mideast Sys.,* 183 AD2d 706).

The plaintiffs' remaining contentions are without merit. S. Miller, J. P., Joy, Goldstein and Schmidt, JJ., concur.