■ Judy Sylvester, Appellant, v Nicholas G. Sbarra, Respondent. [702 NYS2d 90] —In an action to impress a constructive trust on residential real property, the plaintiff appeals from an order of the Supreme Court, Orange County (Owen, J.), dated August 25, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant were involved in a romantic relationship from 1988 until 1996. In 1993 they moved into a residential property which the defendant then purchased in 1994. The plaintiff commenced this action to impose a constructive trust on the property based upon alleged representations by the defendant which implied that the couple jointly owned the property, and expenditures the plaintiff allegedly made in reliance upon those representations towards costs associated with the property.

A plaintiff seeking to impose a constructive trust upon property must show, *inter alia,* a transfer in reliance on an express or implied promise, and unjust enrichment (*see, Terrille v Terrille,* 171 AD2d 906, 907). "The transfer concept extends to instances where funds, time and effort were contributed in reliance on a promise to share in the result" (*Terrille v Terrille, supra,* at 908).

Here, the majority of the plaintiff's expenditures, for items such as newspapers, telephone service, cable television, and oil, were for expenses which were not over and above that which could be attributed to the give and take of the relationship (*see, Vail-Beserini v Beserini,* 237 AD2d 658, 660). Hence, no expenditure of funds was made in reliance on the defendant's

alleged promise that the house would be jointly owned. In any event, the defendant, who paid all mortgage and real-estate taxes, was not unjustly enriched. Bracken, J. P., S. Miller, Altman and Luciano, JJ., concur.