■ MARK J. LEVY, Appellant, v MARTIN MORAN, Individually and as Executor of MARIE V. GOGGINS, Deceased, et al., Respondents, et al., Defendant. [704 NYS2d 609] —In an action, *inter alia*, to impose a constructive trust, the plaintiff appeals,

as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered January 19, 1999, as granted the motion of the defendants Martin Moran and Agnes Moran for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant contends that the Supreme Court erred in awarding summary judgment to the defendants Martin Moran and Agnes Moran because they engaged in conduct warranting the imposition of a constructive trust. We disagree. Although there is no unyielding formula which limits a court's freedom to fashion this equitable remedy (*see, Simonds v Simonds,* 45 NY2d 233, 241; *Byrd v Brown,* 208 AD2d 582), absent circumstances which otherwise call for equitable relief, there are essential elements which must be shown to establish a constructive trust (*see, Bontecou v Goldman,* 103 AD2d 732). These elements are (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance on that promise, and (4) unjust enrichment (*see, Sharp v Kosmalski,* 40 NY2d 119, 121; *Neos v Neos,* 262 AD2d 467). Here, the respondents' submissions in support of their motion demonstrate that these four elements are not present. Furthermore, while the constructive trust doctrine is broad in scope and such trusts "will be erected whenever necessary to satisfy the demands of justice" (*Latham v Father Divine,* 299 NY 22, 26-27), there is no merit to the plaintiff's claim that the respondents would be unjustly enriched if permitted to inherit a portion of the proceeds of the promissory note he executed in favor of Marie Goggins prior to her death. In this regard, we note that contrary to the plaintiff's contention, the evidence does not establish that the respondents frustrated the decedent's alleged desire to release him from his obligations under the note.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Ritter, Altman and McGinity, JJ., concur.