HARRY KOSLOWSKI, Also Known as HARRY M. KOSLOWSKI, Appellant, v SAM KOSLOWSKI, Respondent, et al., Defendant.
[747 NYS2d 583]

It is well settled that where, as here, a case has been tried without a jury, this Court's "power to review the evidence is as broad as that of the trial court, bearing in mind, of course, that

due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses" (*Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830). Moreover, the trial court's determination will not generally be disturbed on appeal unless it could not have been reached under any fair interpretation of the evidence (*see Greenberg v Behlen,* 220 AD2d 720; *Universal Leasing Servs. v Flushing Hae Kwan Rest., supra*).

Contrary to the plaintiff's contention, the Supreme Court's determination that he failed to establish the elements necessary to grant a constructive trust is supported by a fair interpretation of the evidence. A constructive trust will be imposed where the evidence establishes that there was a confidential relationship, an express or implied promise, a transfer in reliance on that promise, and unjust enrichment (*see Neos v Neos,* 262 AD2d 467, 468; *Djamoos v Djamoos,* 153 AD2d 871). Here, the plaintiff failed to present credible evidence sufficient to establish that the respondent promised to return a 50% interest in certain real properties to him or that the respondent was unjustly enriched by the failure to return such interest.

The plaintiff's remaining contention is without merit. Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.