■ ALICIA F. OSBORNE, Respondent, v DANNY T. TOOKER, Appellant. [828 NYS2d 492]—

In an action, inter alia, for ejectment, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated June 9, 2005, which granted the plaintiff's motion, converted to a motion for summary judgment, to dismiss the defendant's counterclaims seeking to impose constructive trusts, and (2) an interlocutory judgment of the same court entered June 28, 2005, which, upon the order, dismissed the defendant's counterclaims. The notice of appeal from the order dated June 9, 2005 is deemed also to be a notice of appeal from the interlocutory judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed, as that order was superseded by the interlocutory judgment entered thereon; and it is further,

Ordered that the interlocutory judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff and the defendant were in a committed relationship for 10 years, although they never married. Early in the relationship, the plaintiff decided to build a residence on a piece of land in Amagansett that her father had given her. The plaintiff paid for the costs of labor and materials to build the residence and she continued to pay carrying costs on the residence after it was built. The defendant, a general contractor by trade, contributed his services as a general contractor and obtained labor and materials at cost. The parties resided there together for approximately nine years before their relationship ended.

The plaintiff also owned a piece of land in the Village of East

Hampton that her father had given her, and decided to build a home there as well. The plaintiff again paid the costs of the labor and materials for construction while the defendant contributed his general contracting services. However, the parties' relationship ended before the East Hampton residence was completed.

When the parties' relationship ended and the defendant thereafter refused to leave the Amagansett premises, the plaintiff commenced the instant action seeking to eject him. The defendant asserted two counterclaims seeking to impose a constructive trust on each of the subject properties. The Supreme Court granted the plaintiff's motion, which was converted to a motion for summary judgment dismissing the defendant's counterclaims, and thereafter entered an interlocutory judgment dismissing both counterclaims. We affirm.

A constructive trust may be imposed " '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976], quoting *Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386 [1919]; *see Matter of Wieczorek*, 186 AD2d 204, 205 [1992]). The elements of a constructive trust are: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski, supra; Cruz v McAneney*, 31 AD3d 54, 58-59 [2006]; *Nastasi v Nastasi*, 26 AD3d 32, 37 [2005]; *Levy v Moran*, 270 AD2d 314, 315 [2000]).

The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law on the defendant's counterclaims seeking to impose a constructive trust on the subject properties (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiff holds legal title to the subject properties, she paid for the costs of construction of the residences thereon, and she submitted evidence indicating that she paid all of the carrying costs on the subject properties. In opposition, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra; Rosenzweig v Singer*, 18 AD3d 853, 853-854 [2005]). He did not submit any evidence demonstrating the extent of his work on, or contributions to, the subject properties, and their value, nor did he provide any documentation to support his contentions that he helped pay for the parties' living expenses or that the parties' jointly-held corporation actually helped defer many of the costs associated with building and maintaining the subject properties. Even assuming the existence of a promise, a contention denied by the plaintiff, the defendant failed to raise a triable issue of fact as to

whether a transfer was made in reliance thereon (*see Levy v Moran, supra; cf. Sharp v Kosmalski, supra* at 122; *Nastasi v Nastasi, supra* at 38-39).

Accordingly, the Supreme Court properly granted the plaintiff's motion and dismissed the defendant's first and second counterclaims seeking a constructive trust. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.