■ DOUGLAS DEPENA, Respondent, v KAREN SHOCKER, Appellant. [922 NYS2d 119]—

In an action, inter alia, to impose a constructive trust upon

certain real property, the defendant appeals (1) from a decision of the Supreme Court, Westchester County (Loehr, J.), dated March 10, 2010, and (2), as limited by her brief, from so much of a judgment of the same court entered April 8, 2010, as, after a nonjury trial on the complaint, and upon the decision, and upon a jury verdict on her counterclaims, is in favor of the plaintiff and against her on the first cause of action, imposing a constructive trust upon the subject property and directing the Westchester County Clerk to accept for filing a deed transferring the property from her to her and the plaintiff as tenants in common, and is in favor of her and against the plaintiff on her second counterclaim in the sum of only $5,000.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, the first cause of action is dismissed, the defendant is awarded the sum of $10,000 on her second counterclaim, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an amended judgment; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff and the defendant lived together in a committed relationship for 25 years and resided in a house owned by the defendant. In 1994, the defendant purchased an adjacent property (hereinafter the rental property) and rented it to tenants. Except for a three-year period, from 2001 through 2003, the plaintiff collected the rents and paid the expenses associated with the rental property.

In 2007, the parties' relationship ended, and the plaintiff moved out. The plaintiff commenced this action, inter alia, to impose a constructive trust on the rental property, alleging that the defendant had promised to give him half the property, and that, based on that promise, he had contributed considerable sums of money for the purchase, renovation, and maintenance of the rental property. The defendant counterclaimed, alleging, among other things, that the plaintiff owed her money from the rental income he had collected but had failed to give her.

A trial was held, with the Supreme Court determining the plaintiff's causes of action and a jury determining the counterclaims. Following the trial, the Supreme Court concluded, inter alia, that a constructive trust should be imposed on the rental property. The jury found, among other things, that the plaintiff owed the defendant $10,000 in collected rents. The judgment entered by the Supreme Court, however, awarded the defendant the sum of only $5,000. The defendant appeals.

On an appeal from a judgment after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, giving due regard to the trial court, which had the advantage of assessing the credibility of the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Sabetfard v Djavaheri Realty Corp.*, 40 AD3d 838, 839 [2007]; *Stojowski v D'Sa*, 28 AD3d 645, 645 [2006]). Here, the Supreme Court's determination that the plaintiff established all the elements of a constructive trust is not supported by the record.

A constructive trust may be imposed " '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976], quoting *Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386 [1919]; *see Matter of Wieczorek*, 186 AD2d 204, 205 [1992]). The elements of a constructive trust are: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d at 121; *Cruz v McAneney*, 31 AD3d 54, 58-59 [2006]; *Nastasi v Nastasi*, 26 AD3d 32, 37 [2005]; *Levy v Moran*, 270 AD2d 314, 315 [2000]).

The evidence submitted by the plaintiff did not establish that, in reliance on the defendant's promise that he would become the owner of half of the rental property, he contributed considerable sums of money towards the purchase, renovation, and maintenance of that property, or that he did considerable construction work on the premises. The plaintiff did not submit any evidence, such as bills or receipts, demonstrating the extent of his work, nor did he provide any documentary proof that the checks reflected on the list he submitted into evidence were related to the rental property. Moreover, the plaintiff failed to submit evidence establishing that the defendant had been unjustly enriched. The plaintiff lived with the defendant rent-free for more than 20 years. He also maintained two offices, one at the defendant's residence and the other at the rental property, and did not pay rent on either of those offices. Even if we were to accept the plaintiff's claims as to his contributions, the scope of those contributions could not be attributed to more than "the give and take of the [parties'] relationship" (*Sylvester v Sbarra*, 268 AD2d 424, 424 [2000]; *see Terrille v Terrille*, 171 AD2d 906 [1991]; *Vail-Beserini v Beserini*, 237 AD2d 658 [1997]).

The jury awarded the defendant $10,000 on her counterclaim

for reimbursement of the rental income the plaintiff had collected but had failed to give her. Since we have concluded that the plaintiff was not entitled to a constructive trust that would result in his joint ownership of the rental property, the Supreme Court's reduction of the jury's award from $10,000 to $5,000 was not warranted.

In light of our determination, we need not reach the defendant's remaining contentions. Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.