In an action for the determination of claims to real property pursuant to RPAPL article 15, for an injunction based upon promissory estoppel, and to impose a constructive trust on certain real property, the defendant appeals from a judgment of the Supreme Court, Westchester County (O. Bellantoni, J.), dated August 17, 2010, which, upon a decision of the same court dated January 13, 2010, made after a nonjury trial, and upon so much of an order of the same court entered July 14, 2010, as denied his motion, in effect, pursuant to CPLR 4404 (b) to set aside stated portions of the decision, is in favor of the plaintiff and against him in the principal sum of $178,000, and the plaintiff cross-appeals from so much of the same judgment as, upon so much of the order as denied his cross motion, in effect, pursuant to CPLR 4404 (b) to set aside stated portions of the decision, failed to award him title to the subject property.
Ordered that the judgment is affirmed, without costs or disbursements.
This action arises from a dispute regarding whether the defendant, Thomas A. Rock (hereinafter the father), and his wife *615 (hereinafter the mother), when she was alive, agreed to transfer certain real property to their son, the plaintiff, Anthony Rock (hereinafter the son), in exchange for the son, inter alia, moving onto the property. Specifically, in 1986 the father, the mother, and the son allegedly entered into an oral agreement, whereby the son would become owner of the property in exchange for, among other things, his assumption of residence at the property, his maintenance thereof, and his payment of the applicable real estate taxes. Allegedly, the only open question in 1986 was whether the transfer would be effectuated by will or as an outright gift. At some point thereafter, the father and the mother executed wills which devised the property to the son.
However, after the mother’s death, the father revised his will to reflect his desire to devise the property to both the son and a daughter. In 2005, the son learned of the revision and the changed plan for the future ownership of the property and, in 2007, he commenced this action seeking, inter alia, to estop the father from transferring the property to anyone but the son, and for the imposition of a constructive trust on the property. In his answer, the father, among other things, denied that he entered into an agreement to transfer the property to the son.
In a decision following a nonjury trial, the Supreme Court rejected the son’s claims, finding that the son had failed to establish all of the elements of the causes of action for a permanent injunction, based on the theory of promissory estoppel, prohibiting the transfer of any interest in the property to anyone other than himself, and to impose a constructive trust in his favor on the property. However, in light of the considerable expenditures made by the son in maintaining the property over the 20 years since he assumed residence there, the Supreme Court awarded the son an equitable lien in the amount of $178,000, which reflected the son’s expenditure, minus a certain offset.
The father moved, and the son cross-moved, in effect, pursuant to CPLR 4404 (b) to set aside stated portions of the decision. The Supreme Court denied the motion and the cross motion. Thereafter, judgment was entered in the son’s favor in the amount of $178,000. The father appealed from the judgment, and the son cross-appealed from so much of the judgment as failed to award him title to the property based on the theory of promissory estoppel or pursuant to the imposition of constructive trust.
On an appeal from a judgment after a nonjury trial, this Court’s power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds *616 warranted by the facts, giving due regard to the trial court, which had the advantage of assessing the credibility of the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
“The elements of a cause of action based upon promissory estoppel are a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise” (Schwartz v Miltz, 77 AD3d 723, 724 [2010] [internal quotation marks omitted]; see Agress v Clarkstown Cent. School Dist., 69 AD3d 769, 771 [2010]; Williams v Eason, 49 AD3d 866, 868 [2008]). Here, the Supreme Court properly determined that the son was not entitled to a permanent injunction based upon promissory estoppel because the evidence did not establish that the promise by the father to transfer the property to the son was “clear and unequivocal.” The testimony of the father and the son regarding the parties’ intent was contradictory, and the documentary evidence established that the ultimate determination regarding the future of the property remained under consideration throughout the son’s residency at the property. Accordingly, the evidence did not support the existence of a clear and unequivocal promise by the father to transfer ownership of the property to the son.
“The elements of a constructive trust are a confidential or fiduciary relationship, a promise, a transfer in reliance thereon, and unjust enrichment” (Williams v Eason, 49 AD3d at 868; see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; O’Brien v Dalessandro, 43 AD3d 1123, 1124 [2007]). “ ‘The transfer concept extends to instances where funds, time and effort were contributed in reliance on a promise to share in the result’ ” (Sylvester v Sbarra, 268 AD2d 424, 424 [2000], quoting Terrille v Terrille, 171 AD2d 906, 908 [1991]). Where the party has no actual prior interest in the property, he or she will be “required to show that an equitable interest developed through the expenditure of money, labor and time in the property” (Marini v Lombardo, 79 AD3d 932, 934 [2010]).
The son undisputably contributed considerable sums of money toward the maintenance and normal expenditures related to the property. At trial, he submitted copies of checks establishing that he had paid the property taxes for 20 years, totaling more than $118,000. He also testified that he paid for all of the utilities and for repairs and maintenance to the property over the course of 20 years, although he did not submit any bills or receipts demonstrating those expenditures. However, these expenditures do not establish an equitable interest developed *617 through the expenditure of money, labor, and time necessary for the imposition of a constructive trust. The son’s payment of the property taxes over the relevant 20-year period could be considered rent for use of the property, and the other expenditures, including those for repairs and utilities, improved the surroundings in which he and his family lived. Accordingly, the Supreme Court properly held that the son’s expenditures did not qualify as a “transfer” in reliance on the promise by the father to convey the property (see Depena v Shocker, 83 AD3d 885, 887 [2011]; Marini v Lombardo, 79 AD3d at 934; Bedell v Bedell, 160 AD2d 702, 703-704 [1990]).
Nonetheless, the Supreme Court providently exercised its equity jurisdiction by awarding the son an equitable lien in the amount of $178,000. The Supreme Court has the discretion to “grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just” (CPLR 3017 [a]; see Schwartz v Miltz, 60 AD3d 928 [2009]). “An equitable lien may be granted in favor of a person who, due to the nature of his or her relationship with a property owner, has relied upon that owner’s unfulfilled promise to convey the property, and as a result has expended funds to preserve or improve it in anticipation of the conveyance” (Fallica v Manzolillo, 210 AD2d 660, 661 [1994]). Moreover, a court may award an equitable lien to a plaintiff in the interests of justice even though other remedies are unavailable to that party (see Badami v Badami, 29 AD2d 645, 646 [1968]). Here, in light of the evidence establishing that the son made considerable expenditures in preserving or improving the property over the course of 20 years in reliance on the alleged promise by his father to convey the property to him, the Supreme Court providently determined that the balancing of the equities required that the son be reimbursed for his contributions. Accordingly, based on all of the foregoing, the judgment must be affirmed.
In light of our determination, the defendant’s remaining contentions need not be reached. Dillon, J.E, Angiolillo, Florio and Cohen, JJ., concur.