In an action to foreclose a mortgage, the defendant Gladys Menardy appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated September 13, 2013, as denied that branch of her motion which was to distribute to her surplus funds from the sale of real property which had been subject to the mortgage.
Ordered that the order is affirmed insofar as appealed from, with costs.
“The surplus funds of a foreclosure sale stand in the place of the land for all purposes of distribution among persons having vested interests or liens upon the land” (NYCTL 1999-1 Trust v NY Pride Holdings, Inc., 68 AD3d 952, 952 [2009]; see Emigrant Mtge. Co., Inc. v Biggio, 110 AD3d 673 [2013]; Shankman v Horoshko, 291 AD2d 441, 442 [2002]).
RPAPL 1361 (2) provides that in an action to foreclose a mortgage, “on motion of any party to the action, or any person who has filed a notice of claim on the surplus moneys, the *882 court, by reference or otherwise, shall ascertain and report the amount due to him or any other person who has a lien on such surplus moneys, and the priority of the several liens thereon and order distribution of surplus moneys.”
In this foreclosure action, the appellant moved, inter alia, to distribute to her surplus funds from the sale of real property which had been subject to the mortgage, arguing that she was entitled to those funds under a theory of constructive trust. A constructive trust will be imposed “[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest” (Beatty v Guggenheim Exploration Co., 225 NY 380, 386 [1919]). There are four requirements for the imposition of a constructive trust: “(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment” (Sharp v Kosmalski, 40 NY2d 119, 121 [1976]). Where the party has no actual prior interest in the property, he or she will be required to show that an equitable interest developed through the expenditure of money or labor in the property (see Rock v Rock, 100 AD3d 614, 616 [2012]).
Here, the evidence submitted by the appellant did not establish that, in reliance on her late sister’s alleged promise that the appellant would become the owner of the subject property after her death, she contributed considerable sums of money towards the mortgage and maintenance of the property (see Depena v Shocker, 83 AD3d 885 [2011]; Osborne v Tooker, 36 AD3d 778 [2007]). Moreover, the appellant failed to submit evidence establishing that the decedent’s son, in whose name title vested by operation of law (see EPTL 4-1.1 [a] [3]), had been unjustly enriched by her actions (see Depena v Shocker, 83 AD3d at 887). In fact, the guardian of the person and property of the decedent’s son submitted evidence that the appellant used his Social Security income to pay expenses. In any event, the mortgage, tax, and other payments that the appellant claimed she paid while she and her husband resided on the premises could be considered rent for their use of the property (see Rock v Rock, 100 AD3d 614 [2012]; Henning v Henning, 103 AD3d 778 [2013]; Matter of Lefton [Bedell], 160 AD2d 702 [1990]).
Accordingly, the Supreme Court properly determined that the appellant was not entitled to any portion of the surplus monies under a theory of constructive trust (see RPAPL 1361 [2]).
The appellant’s remaining contentions are without merit. Skelos, J.P., Hall, Roman and Duffy, JJ., concur.