Bolender v Ronin Prop. Partners, LLC (2019 NY Slip Op 00586)





Bolender v Ronin Prop. Partners, LLC


2019 NY Slip Op 00586


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-02169
 (Index No. 2776/13)

[*1]Courtney Bolender, et al., respondents, 
v
Ronin Property Partners, LLC, et al., appellants.


The Law Firm of William G. Sayegh, P.C., Carmel, NY (Robert A. Weis of counsel), for appellants.
Joseph J. Haspel, Goshen, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to impose an equitable lien on real property and for declaratory relief, the defendants appeal from a judgment of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated December 30, 2015. The judgment, insofar as appealed from, upon a decision of the same court dated December 1, 2015, made after a nonjury trial, declared that the plaintiff Courtney Bolender has an equitable interest in the subject real property and imposed an equitable lien on the subject real property in favor of the plaintiffs in the principal sum of $1,142,030.92.
ORDERED that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the cause of action to impose an equitable lien on the subject real property is dismissed, and the matter is remitted to the Supreme Court, Putnam County, for the entry of an appropriate amended judgment, inter alia, declaring that the plaintiff Courtney Bolender has no equitable interest in the subject real property.
In 2005, the plaintiff Courtney Bolender (hereinafter the wife) and the defendant Gani Bajraktari (hereinafter the husband) were married. In August 2006, the defendant Ronin Property Partners, LLC (hereinafter Ronin), was formed for the purpose of purchasing and managing property located at 199 Starr Ridge Road in Brewster (hereinafter the subject property). Although the members of Ronin were the husband, the husband's father, and the husband's three siblings, the husband's father contributed the majority of the capital, and no marital funds were used to start the company. In October 2006, Ronin purchased the subject property for $1,150,000, and entered into a $3,025,000 loan agreement to finance part of the purchase price as well as the construction of a 50-stall equestrian center on the subject property.
During the construction period, the wife formed the plaintiff CB Walker Stables, LLC (hereinafter CB Walker Stables). In the summer of 2008, the wife and the husband moved from an apartment into the newly constructed manager's residence on the subject property. Shortly thereafter, CB Walker Stables opened for business at the subject property. The business included, among other things, leasing individual stalls for approximately $1,400 per month. In September 2008, CB Walker Stables began depositing sums into Ronin's checking account to cover the operating expenses of the subject property. There was no written agreement between Ronin and CB Walker Stables, and the amount of the sums deposited varied. The husband's father also deposited [*2]sums into Ronin's checking account, as there were shortfalls between the amount deposited by CB Walker Stables and the operating expenses.
On March 8, 2012, the husband and the wife, each represented by independent counsel, executed a stipulation of settlement, which was incorporated but not merged into a judgment of divorce dated April 16, 2012. The stipulation of settlement provided that the wife could continue to reside at the subject property and operate CB Walker Stables while the terms of a lease were negotiated; however, if an agreement was not reached, the wife and CB Walker Stables would have to vacate the subject property by July 31, 2013. The stipulation of settlement contained a provision in which the husband and the wife released each other from all claims, except, insofar as relevant here, the release "should not be construed to limit, enlarge or otherwise effect in any manner whatsoever, any Agreements entered into between corporate or other business entities in which the parties hereto are officers, stockholders, members or otherwise." The parties acknowledged that "corporate entities of which each is a shareholder and/or officer and/or member are in the process of negotiating an Agreement whereby the Wife will continue to reside in the marital residence as a corporate tenant which will also be authorized and responsible to manage the business at that location." The parties further acknowledged that "said corporate agreement is independent" of the stipulation of settlement and neither agreement was "contingent or dependent upon the other."
After lease negotiations fell apart, Ronin informed CB Walker Stables that unless CB Walker Stables paid rent and arrears totaling the sum of $189,380 by December 15, 2013, it must vacate the subject property by December 31, 2013.
On December 16, 2013, the wife and CB Walker Stables commenced this action against Ronin and the husband, alleging that the husband had promised the wife that she would own the subject property five years after it was purchased. In their amended complaint, the plaintiffs sought the imposition of a constructive trust or, in the alternative, the imposition of an equitable lien on the subject property, as well as injunctive relief enjoining the defendants from commencing eviction proceedings and declaratory relief. A nonjury trial was held on 17 days over a five-month period, and the plaintiffs continued to occupy the subject property while the action was pending upon the condition that they deposit certain sums into an escrow account. In a decision following the nonjury trial, the Supreme Court determined that the plaintiffs were entitled to an equitable lien on the subject property in the principal sum of $1,142,030.92, which reflected the amount the plaintiffs deposited into Ronin's checking account minus the fair market rental value of the subject property. Thereafter, a judgment was entered, inter alia, imposing the equitable lien, declaring that the wife has an equitable interest in the subject property, and directing that the plaintiffs could remain in possession of the subject property until March 31, 2016. The defendants appeal from so much of the judgment as imposed an equitable lien on the subject property and declared that the wife has an equitable interest in the subject property.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render the judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Campbell v Campbell, 107 AD3d 929, 930; Parr v Ronkonkoma Realty Venture I, LLC, 65 AD3d 1199, 1201; ProHealth Care Assoc., LLP v Shapiro, 46 AD3d 792, 793).
An equitable lien may be imposed where one in a confidential relationship with the owner has expended money for improvement of the property based on a promise to convey, reimburse, or grant a lesser interest in the property (see Scivoletti v Marsala, 61 NY2d 806, 808-809; Farr v Covert, 34 AD3d 1204, 1205; Shanley v Crisafulli, 292 AD2d 827, 827; Johnston v Martin, 183 AD2d 1019, 1020).
Here, the stipulation of settlement provided that the husband and the wife released each other from all causes of action and claims except, insofar as relevant, any agreements between the business entities in which the spouses were shareholders, officers, or members. The plaintiffs failed to prove that there was any enforceable agreement between Ronin, the corporate entity that [*3]owned the subject property, and CB Walker Stables, the corporate entity that operated the business on the property, pursuant to which Ronin was to convey any interest in the property to CB Walker Stables or reimburse it for its expenditures. To the extent that the wife's claims are predicated upon promises the husband allegedly made to her, such claims are precluded by the release contained in the stipulation of settlement.
In any event, the wife's testimony regarding the husband's alleged promises was insufficient to establish a distinct agreement, as it was contradicted by the documentary evidence (see Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939, 940; Rock v Rock, 100 AD3d 614, 616; Matter of Lefton [Bedell], 160 AD2d 702, 703). Of particular relevance, the stipulation of settlement did not indicate that the wife claimed an ownership interest in the subject property (see Matter of Almasy v Ward, 53 AD3d 946, 947). Instead, the stipulation reflected that the corporate entities were negotiating an agreement for CB Walker Stables, as tenant, to lease the property from Ronin.
Furthermore, a promise cannot be inferred from the totality of the transactions, as the sums paid by the plaintiffs were considered rent by all involved prior to the commencement of this action (see Manufacturers & Traders Trust Co. v Berthole, 130 AD3d 881, 882; Henning v Henning, 103 AD3d 778, 780; Marini v Lombardo, 79 AD3d 932, 934).
Moreover, there is no basis for a determination that an equitable lien should be granted in the interests of justice, as it is undisputed that the expenditures of the plaintiffs did not cover the entire operating costs of the subject property (see Henning v Henning, 103 AD3d at 780; Depena v Shocker, 83 AD3d 885, 887; cf. Rock v Rock, 100 AD3d at 617).
In light of our determination, the defendants' remaining contentions have been rendered academic.
Accordingly, the Supreme Court should have dismissed the cause of action to impose an equitable lien and declared that the wife has no equitable interest in the subject property. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Putnam County, for the entry of an appropriate amended judgment, inter alia, declaring that the wife has no equitable interest in the subject property (see Lanza v Wagner, 11 NY2d 317, 334).
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court