Angel v Strulovich (2025 NY Slip Op 04149)

Angel v Strulovich

2025 NY Slip Op 04149

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2020-05308
 (Index No. 500827/20)

[*1]Boruch Angel, et al., appellants, 
v
Yechezkel Strulovich, etc., et al., respondents, et al., defendants.

Gutman Weiss, P.C., Brooklyn, NY (Dov B. Medinets of counsel), for appellants.
Herrick, Feinstein LLP, New York, NY (Avery S. Mehlman and Scott C. Ross of counsel), for respondents Yechezkel Strulovich, CS Construction Group, LLC, 945 Park PL, LLC, 1078 Dekalb, LLC, 74 Van Buren, LLC, 454 Central Avenue, LLC, 980 Atlantic Holdings, LLC, 720 Livonia Development, LLC, Penn Condominium, LLC, Throop Home, LLC, Bushwick Partners, LLC, Brooklyn Ventures, LLC, Howard Day House, LLC, CAS Management Company, Bayshore, Inc., 31 Brooklyn, LLC, 119 Holdings, LLC, Gold Cliff, LLC, Herman Greenfeld, Mendel Brach, 908 Bergen Street, LLC, 901 Bushwick Avenue, LLC, Gates Equity Holdings, LLC, 853 Lexington, LLC, 348 St. Nicholas, LLC, 762 Willoughby, LLC, 855 Dekalb Avenue, LLC, Bridge Tower, LLC, 619 Holdings, LLC, Grand Suites, LLC, Catalpa Development, LLC, Slope Offices, LLC, 482-484 Seneca, LLC, 1266 Pacific, LLC, Myrtlino Holdings, LLC, 259 Berry, LLC, 261 Berry, LLC, 1642 Equities, LLC, Penn & Marcy, LLC, 741 Lexington, LLC, and CSY Holdings, LLC.
Cohen, LaBarbera & Landrigan, LLP, Chester, NY (Kyle A. Seiss and Thomas Landrigan of counsel), for respondents Eighteen Properties, LLC, 296 Cooper, LLC, Knickerbocker Lofts, LLC, Willtrout Realty, LLC, Stagg Studios, LLC, 420 Tompkins, LLC, and Tompkins 420 Realty, LLC.
Smith Buss & Jacobs, LLP, Yonkers, NY (Jeffrey D. Buss of counsel), for respondents BNH Properties, LLC, and CS YH Condos, LLC.
Berg & David, PLLC, Brooklyn, NY (N. Dean Boyer and Abraham David of counsel), for respondents CSN Partners, L.P., 196 Albany Holdings, L.P., 400 South 2nd Street Realties, L.P., 400 South 2nd Street Holdings, L.P., and First Avenue Realty Holdings, L.P.
Tuttle Yick LLP, New York, NY (Gregory O. Tuttle of counsel), for respondents Fulton Street Holdings, LLC, and 1428 Fulton St, LLC.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the plaintiffs appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated July 1, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Yechezkel Strulovich and others, the defendants CSN Partners, L.P., 196 Albany Holdings, L.P., 400 [*2]South 2nd Street Realties, L.P., 400 South 2nd Street Holdings, L.P., and First Avenue Realty Holdings, L.P., the defendants BNH Properties, LLC, and CS YH Condos, LLC, the defendants Fulton Street Holdings, LLC, and 1428 Fulton St, LLC, and the defendants Eighteen Properties, LLC, 296 Cooper, LLC, Knickerbocker Lofts, LLC, Willtrout Realty, LLC, Stagg Studios, LLC, 420 Tompkins, LLC, and Tompkins 420 Realty, LLC, which were pursuant to CPLR 3211(a) to dismiss the causes of action to impose constructive trusts on certain real properties insofar as asserted against each of them and to cancel certain notices of pendency filed against the subject properties.
ORDERED that the appeal from so much of the order dated July 1, 2020, as granted those branches of the separate motions of the defendants Yechezkel Strulovich and others, the defendants CSN Partners, L.P., 196 Albany Holdings, L.P., 400 South 2nd Street Realties, L.P., 400 South 2nd Street Holdings, L.P., and First Avenue Realty Holdings, L.P., the defendants BNH Properties, LLC, and CS YH Condos, LLC, the defendants Fulton Street Holdings, LLC, and 1428 Fulton St, LLC, and the defendants Eighteen Properties, LLC, 296 Cooper, LLC, Knickerbocker Lofts, LLC, Willtrout Realty, LLC, Stagg Studios, LLC, 420 Tompkins, LLC, and Tompkins 420 Realty, LLC, which were pursuant to CPLR 3211(a) to dismiss the causes of action to impose constructive trusts on 15 of the certain real properties insofar as asserted against each of them as time-barred is dismissed, as that portion of the order was superseded by an order of the same court dated December 2, 2020, made upon reargument; and it is further,
ORDERED that the order dated July 1, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
On January 11, 2020, the plaintiffs commenced this action against Yechezkel Strulovich and others (hereinafter collectively the Strulovich defendants), Tompkins 420 Realty, LLC, and other entities (hereinafter collectively the Tompkins defendants), 1428 Fulton St, LLC, and another entity (hereinafter together the Fulton defendants), First Avenue Realty Holdings, L.P., and other entities (hereinafter collectively the Holding defendants), and BNH Properties, LLC, and another entity (hereinafter together the BNH defendants), among others. The plaintiffs alleged, inter alia, that, between 2012 and 2014, Strulovich and another person, approached them about investing in real estate and provided them a series of prospectuses that outlined certain real estate investment opportunities, but fraudulently inflated those properties' purchase prices and the projected development costs. The plaintiffs also alleged that, rather than investing the plaintiffs' money in the properties described in those prospectuses (hereinafter the investment properties), Strulovich used the money, or portions thereof, to purchase, improve, or develop certain real properties in which none of the plaintiffs held a beneficial interest (hereinafter the subject properties). The plaintiffs asserted numerous causes of action, including, among other things, to impose constructive trusts on the subject properties, and filed notices of pendency against the subject properties.
The Strulovich defendants, the Tompkins defendants, the Fulton defendants, the Holding defendants, and the BNH defendants (hereinafter collectively the moving defendants), separately moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each them as time-barred and for failure to state a cause of action, among other grounds, and to cancel the notices of pendency.
In an order dated July 1, 2020, the Supreme Court, inter alia, granted those branches of the moving defendants' separate motions which were to dismiss the causes of action to impose constructive trusts on the subject properties insofar as asserted against each of them as time-barred and for failure to state a cause of action. Specifically, the court determined that the subject properties had been acquired outside the limitations period and that a constructive trust could not be imposed based upon improvements or developments to property owned by the moving defendants. The plaintiffs appeal.
A threshold issue advanced by the moving defendants is that the appeal does not [*3]properly lie because the order dated July 1, 2020, was superseded by a separately appealed order dated December 2, 2020, made upon reargument (see Angel v Strulovich, _____ AD3d _____ [Appellate Division Docket No. 2020-09688; decided herewith]). The plaintiffs moved for leave to reargue their opposition to those branches of the moving defendants' separate motions which were to dismiss the causes of action to impose constructive trusts on 15 of the subject properties as time-barred. In the order dated December 2, 2020, the Supreme Court granted reargument and, upon reargument, adhered to the prior determination denying those branches of the moving defendants' separate motions. Therefore, we dismiss the appeal from so much of order dated July 1, 2020, as granted those branches of the moving defendants' separate motions. However, the plaintiffs' motion for leave to reargue did not concern their opposition to those branches of the moving defendants' separate motions which were to dismiss the causes of action to impose constructive trusts on the subject properties for failure to state a cause of action. Therefore, we decline to dismiss the appeal from so much of the order dated July 1, 2020, as granted those branches of the moving defendants' separate motions (see e.g. Cooper v Cooper & Clement, 198 AD2d 812, 813).
The elements of a constructive trust are a fiduciary or confidential relationship, a promise, a transfer in reliance on that promise, and unjust enrichment (see Berry v Wallerstein, 219 AD3d 924, 925; Kaprov v Stalinsky, 145 AD3d 869, 871; Rock v Rock, 100 AD3d 614, 616). "The transfer concept extends to instances where funds, time and effort were contributed in reliance on a promise to share in the result" (Rock v Rock, 100 AD3d at 616 [internal quotation marks omitted]; see Baker v Harrison, 180 AD3d 1210, 1212; Rafferty Sand & Gravel, LLC v Kalvaitis, 116 AD3d 1290, 1291). "Where the party has no actual prior interest in the property, he or she will be 'required to show that an equitable interest developed through the expenditure of money, labor and time in the [particular] property'" (Rock v Rock, 100 AD3d at 616, quoting Marini v Lombardo, 79 AD3d 932, 934).
Here, accepting the facts as alleged in the amended complaint as true and according the plaintiffs the benefit of every possible favorable inference, as is required on a motion to dismiss pursuant to CPLR 3211(a)(7) (see Benjamin v Yeroushalmi, 212 AD3d 758, 760; see Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d 748, 751), the causes of action to impose constructive trusts on the subject properties, which were based on alleged postpurchase improvements and developments of the subject properties, failed to state a cause of action. The amended complaint alleged that the plaintiffs provided investment funds in reliance on Strulovich's promise to receive interests in the investment properties and that the moving defendants utilized the funds, at least in part, inter alia, to improve and develop the subject properties. The amended complaint, however, failed to set forth that the investment funds were provided in reliance on an express or implied promise to share in some interest in the subject properties, such that a constructive trust could be imposed thereon (cf. Kaprov v Stalinsky, 145 AD3d at 872; Rafferty Sand & Gravel, LLC v Kalvaitis, 116 AD3d at 1291). Accordingly, the Supreme Court properly granted those branches of the moving defendants' separate motions which were pursuant to CPLR 3211(a) to dismiss the causes of action to impose constructive trusts on the subject properties insofar as asserted against each of them for failure to state a cause of action (see Restatement [Third] of Restitution, § 55, Comment k, Illustration 23; cf. Baker v Harrison, 180 AD3d at 1212; Hernandez v Florian, 173 AD3d 1144; Ning Xiang Liu v Al Ming Chen, 133 AD3d 644, 645).
The parties' remaining contentions either are without merit or need not be considered in light of our determination.
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court